# Alabama City G. & A. Company v. Brady.

*Damages for Delay in Delivery of Corpse.*

(Decided April 15, 1909.  49 South. 351.)

1. *Carriers; Delay; Pleading.*—Where the complaint alleged that a ticket was purchased from the defendant carrier or its agents or servants and the proof showed that the ticket was purchased from another carrier as the initial carrier, but that it was recognized as valid by the defendant as a connecting carrier, there was no variance.

2. *Same; Ticket Agent; Authority; Jury Question.*—Where the proof showed that the ticket sold by an agent of the initial carrier was recognized by the connection carrier as good for passage to some extent over its road, the question as to the authority of the agent to sell the ticket became a question for the jury.

3. *Same; Delay in Transportation; Diligence; Jury Question.*—Whether an electric railroad was diligent in clearing its track of a wreck so as to transport a corpse with sufficient promptness, under the evidence in this case, is a question for the jury.

4. *Same; Mental Anguish; Delay in Transporting Corpse.*—Where the corpse arrived an hour before the time appointed for the funeral and the plaintiff, who is the widow of the deceased voluntarily postponed the funeral until the following day, she is not entitled to damages for mental anguish because of delay notwithstanding some of the friends of the family had departed before the arrival of the corpse.

5. *Same; Other Damages.*—Where the corpse arrived an hour before the time set for the funeral, and the plaintiff voluntarily postponed the funeral until the next day, the carrier causing the delay in the arrival is not liable for the expenses of re-embalming the body made necessary by the postponement of the funeral.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Susy Brady against the Alabama City G. & A. R. R. Co., for damages for delay in delivering the corpse of her husband. Judgment for plaintiff and defendant appeals.

HOOD & MURPHREE, for appellant.—The fact that the A. G. S. Railroad had authority to sell passenger tickets does not warrant the conclusion that it had authority to sell corpse tickets.—*Wallace Tobacco Co. v. Jackson,* 99 Ala. 260. On a question of the authority of the agent and how proven to sell tickets of a corpse to be transported over appellant's line for ten cents, see.—*Reynolds v. Collins,* 78 Ala. 94; *L. & N. v. Gilmer,* 89 Ala. 537. The evidence admitted was not sufficient to establish a custom, or to establish the fact that it was customary for appellant's servant to disobey the rules as to the transportation of corpse on passenger cars.—*Hearin, et al. v. Skaggs,* 73 Ala. 446. As to the proprietary rights in and to dead bodies, and as to damages that may be recovered, we cite.—*Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 135; *Bourbon v. Loeb,* 107 Ala. 604; *Meazer v. Driscol,* 96 Am. Dec. 759; *Heald v. Bomar,* 14 L. R. A. 333. As to mental suffering, we call this court's attention to the following cases.—*M. & E. Ry. Co. v. Mallette,* 92 Ala.

[Alabama City G. & A. Company v. Brady.]

217; *West v. W. U. Tel. Co.*, 7 Am. St. Rep. 530; *Johnson v. Wells Fargo Co.*, 3 Am. Rep. 245; 13 Cyc. 39, et seq.

BOYKIN & BRINDLEY, for appellee.—As to the proper form of complaint in a case like this, we cite the following.—*Britt v. Pitts*, 111 Ala. 402; *Sharpe v. Nat. Bank*, 87 Ala. 644; *Mobile L. I. Co. v. Randall*, 74 Ala. 170. The action is in tort and the damages recoverable are not confined to those in contemplation of the parties.—44 L. R. A. 214; 2 Thomp. on Neg., p. 996. As to proximate cause, see.—41 N. Y. 544; 1 Am. Rep. 446; 16 A. & E. Ency. of Law, 436. The right to bury a corpse is a legal right which the courts will recognize and protect.—13 Cyc. 268; 123 Cal. 285; 65 S. W. 606; 120 Mich. 596. As to the right of possession of the corpse, see.—*Foley v. Phelps*, 1 N. Y. App. 550; 13 Cyc. 268-9; 51 L. R. A. 833; 57 L. R. A. 771, and brief therein. Carriers must serve without discrimination.—6 Cyc. 535; 46 Ind. 202; 48 N. J. L. 55. The company was bound by the acts of its agents.—*P. & A. L. I. Co. v. Young*, 58 Ala. 476; *M. & E. R. R. Co. v. Cobb*, 73 Ala. 396.

DENSON, J.—The plaintiff attempted to state her case in several counts, but demurrers were sustained to all except the sixth, upon which trial was had, resulting in verdict and judgment for the plaintiff, and the defendant has appealed.

According to the rules for determining whether a count states a cause of action ex contractu or ex delicto, we experience no difficulty in holding that the sixth count is ex delicto.—*Wilkinson v. Moseley*, 18 Ala. 288; *Whilden v. Bank*, 64 Ala. 1, 38 Am. Rep. 1; *Sharpe v. National Bank*, 87 Ala. 644, 7 South. 106; *Britt v. Pitts*, 111 Ala. 402-406, 20 South. 484.

Plaintiff resided with her husband in Gadsden, Ala. The husband, while on a visit in the state of Mississippi,

lost his life by accident. N. N. Christopher, acting as agent for the plaintiff and in behalf of the plaintiff, the complainant alleges, "purchased of the defendant, its agent or servant, a ticket marked 'corpse,' and by the terms of the ticket the defendant obligated itself to carry the body of plaintiff's husband from Attalla to Gadsden." The defendant was, at the time named in the complaint, and yet is, a common carrier of passengers, over its electric car line, between Attalla and Gadsden, Ala.

The first insistence of the appellant is that the general affirmative charge by it requested in writing should have been given, because of a variance between the allegata and probata. The precise point is that, whereas the allegations of the complaint are that the ticket was purchased of the defendant, its agent or servant, the proof showed that it was purchased from an agent of the Southern Railway Company, at West Point, Miss., and there was no proof showing that that company was defendant's agent or servant; but the proof showed that the Alabama Great Southern Railroad Company, the company over whose road the corpse was shipped from West Point, Miss., to Attalla, had an arrangement with the defendant, by which it could sell passenger tickets over its own road, with coupon attached good for passage over defendant's line. Christopher, it is true, testified to the purchase of the ticket from the agent of the Southern Railroad Company; but he brought the corpse over the Alabama Great Southern Railroad from West Point to Attalla, in the baggage car, on the ticket, the ticket having attached thereto a coupon good for the carriage of the corpse from Attalla to Gadsden. The ticket or coupon was offered in evidence, and on its face it purports to have been issued by the Alabama Great Southern Railroad Company. Furthermore, when the ticket was offered to the defendant's conductor, at Attalla, with

the request that he carry the corpse to Gadsden, he recognized its validity to the extent of 10 cents. Under these circumstances we are of the opinion that there was sufficient evidence to carry the question of the authority of the agent to sell the ticket to the jury. He may have been agent of the Southern Railway Company and, at the same time, have had authority to sell tickets for the Alabama Great Southern Railroad Company. The latter, being a corporation, could only act by its agents in selling tickets over the defendant's line; and the agent's having possession of the ticket, and making a sale of it, and the Alabama Great Southern's recognition of its validity as a ticket, constitute some evidence of his agency.

It is next insisted that the defendant did not refuse to carry the corpse, but only declined to carry it on a passenger car, making the point at the time that it carried corpses only on a trailer. We need not consume time in discussing the rulings of the court, against the defendant, on the admissibility of evidence in respect to custom of the defendant in carrying corpses on passenger cars, or to the rule of the defendant against so carrying them; for the court in effect ruled out such evidence and confined the plaintiff to the right to have the corpse shipped on the trailer. The right, we have seen, the defendant did not dispute, and was willing to carry the corpse on the trailer; but, as an excuse for not carrying it at once, defendant explained that a car of slag, which had been sent out on the road that morning, was broken down or wrecked, by reason of which it was unable to say at what time the road would be clear so that its trailer could pass. When the parties in charge of the corpse were told by defendant's superintendent that he did not know how long it would be until the corpse could be carried through, they suggested getting an ambulance from

Gadsden to carry it over, and the superintendent expressed the opinion that getting the ambulance would be the most expeditious way of carrying the corpse through to Gadsden. They then phoned for the ambulance, and by that means of conveyance carried the corpse to Gadsden. Nevertheless we cannot say that the evidence is without conflict as to whether or not the defendant was duly diligent in getting the car of slag off the track, so that it might carry the corpse on through. Hence the affirmative charge could not have been properly given.

We have no doubt that, in a case of this kind, the widow, upon proof of negligence or of breach of duty on the part of the defendant, might recover for mental anguish, if any, suffered on account of the delay or the failure in the transporting of the remains of her husband.—*L. & N. R. R. Co. v. Hull*, 113 Ky. 561, 68 S. W. 433, 57 L. R. A. 771); but the proof in this case without conflict shows that the funeral was appointed for three o'clock p. m., that the corpse arrived at plaintiff's residence not later than 2 p. m., and that plaintiff, of her own accord, asked that the funeral should be postponed until the following day. The proof also shows that the corpse was prepared for burial at the time. True, 15 or 20 persons, who had been waiting at the residence, departed before the corpse arrived; but it was shown that as many remained, and we cannot assume that the funeral or burial of plaintiff's husband would not have been attended by as many people as were originally at the residence waiting. Therefore the court is of the opinion that the plantiff was not entitled to damages for mental anguish claimed to have been suffered on account of the postponement of the funeral.

Nor do we think that damages should have been allowed for the re-embalming of the body, as that was ne-

cessitated by Mrs. Brady's voluntary act in postponing the funeral.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.