# Taxicab Company *v.* Grant.

### *Breach of Contract to Carry.*

(Decided Dec. 19, 1911.  57 South. 141.)

1. *Damages; Breach of Contract; Mental Worry.*—Where a party to a contract of carriage suffered inconvenience and physical discomfort resulting from a breach of contract, he could recover for the vexation, worry or distress of mind that was the natural proximate and reasonably to be expected consequences of such wrongful act, as additional compensatory damages.

2. *Pleading; Demurrer; Matters Available Under General Issue.*—It is not error to sustain demurrer to a plea which sets up matters available under the general issue.

3. *Carriers; Breach of Contract; Contributory Negligence.*—Where the action was for damages for breach of contract to carry plaintiff and his party to a certain destination and return, a plea alleging that the car became disabled, and that plaintiff left the disabled car, and could not be found when defendant reached the place where the car was disabled, with another car, but which fails to aver that plaintiff was at fault in leaving the broken down car before another one came, or that defendant exercised proper care in sending relief after notice, is bad on demurrer.

4. *Same.*—A plea which fails to show that plaintiff was guilty of any negligence which proximately contributed to the breaking down of the car, but which shows that the results were attributable to the acts of the defendant, is bad as a plea of contributory negligence.

5. *Same; Carriage of Passengers; Performance.*—Where defendant contracted to carry plaintiff and his party in an automobile from one place to another and return, and the automobile broke down, and the defendant could perform its contract only by sending out another automobile for plaintiff and his companions, it became the defendant's duty to send another automobile.

6. *Same; Waiver.*—Where defendant contracted to carry plaintiff and his companions in an automobile from one place to another and return, and the automobile broke down, and the defendant failed within a reasonable time after notice of the accident to carry plaintiff and his companions, the act of plaintiff in leaving the automobile and walking back, was not a waiver of performance of the contract.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by W. B. Grant against the Taxicab Company for damages for breach of contract of carriage. From a judgment for plaintiff, defendant appeals. Affirmed.

The third plea alleges the contract, the undertaking to carry, and the fact that at about 5:40 p. m., the driver of the defendant was unable to make the automobile go or do the service expected by plaintiff; that the defendant learned the fact at about 6 p. m. of said day, and sent another automobile out to plaintiff, which reached the disabled car about 8 p. m.; and that when it reached said car plaintiff had left the disabled car, and, if he had remained with the car, defendant would have been able to have carried out his contract,

and brought the defendant and his party home. It is then alleged that the inconvenience, trouble, and suffering was due to the proximate consequence of the failure of the plaintiff to remain in the car so engaged by him. Plea 4 alleges that the car engaged by the plaintiff returned to Birmingham about 10 p. m., and that plaintiff left the car when it was unable to travel, and that, if he had remained with said car, he would have been returned by defendant to Birmingham by 8:30 p. m., by means of another car sent out by plaintiff; and it is alleged that his failure to remain with the car and his leaving the car was the cause of his suffering the damages, etc. Plea 5 alleges that in a short time after the arising of the said condition resulting in the failure of the car to go, and within three hours thereafter, defendant had another car at said point able, ready, and willing to transport plaintiff and said passengers to Shades Mountain and return. Wherefore it is alleged that the only breach was the delay of two hours, and that such delay does not authorize nor entitle plaintiff to recover the damages here sought. Plea 6 is a short plea of contributory negligence for a negligent failure to remain with said broken-down car, as it was their duty to do until said car could return to Birmingham, which it did on the night of the same day. Plea 7 is practically the same as plea 5. Pleas 8 and 10 set up that the automobile is a vehicle that is not adapted to use as a means of transportation or carriage over roads of every kind, and is unfitted for travel up certain hills, and that it is not capable of climbing all hills and going to all places, and that this fact entered into and formed a part of the contract; that the car furnished plaintiff was of a reputable make, in reasonably and ordinarily fit and good condition and working order at the time it was furnished plaintiff, and that,

[Taxicab Company v. Grant.]

while it was being used for the benefit of plaintiff, it was driven in an ordinarily careful, safe, skillful, and proper manner, and that while being so driven, without negligence on defendant's part, it became out of order, and said impairment prevented defendant from returning plaintiff and said passengers to Birmingham. Plea 9 alleges practically the same state of facts, with the additional averment that plaintiff caused said car, while heavily loaded, to be driven up a steep hill and along and up a mountain road, and thereby rendered said car unfit and incapable of returning with plaintiff and said passengers. Wherefore defendant says that plaintiff assumed the risk of said car getting out of fix.

The following charges were refused the defendant: (32) "There can be no recovery in this case on account of defendant's failing to send another car to the relief of plaintiff before plaintiff left the car that was first furnished him by the defendant." (21) "If the plaintiff voluntarily left the automobile that he had engaged, then you cannot award him any damages on account of any inconvenience, trouble, injury, suffering, or expense incurred or sustained by him after the time he left the automobile." (22) "If, under all the evidence, you are reasonably satisfied that, if plaintiff had remained at the automobile that he and said ladies went in to Shades Mountain Inn, he would not have had to walk to town, and would have been returned to Birmingham by the defendant in the night of the day he engaged said automobile, then you cannot award him any damages sustained by him after leaving said automobile."

STALLINGS & DRENNEN, for appellant. The cause of action although stated in ex delicto form is essentially ex contractu, and the measure of damages the same.— W. U. T. Co. v. Westmoreland, 151 Ala. 319. There

[Taxicab Company v. Grant.]

could be no recovery for mental anguish, vexation and worry.—Hutchinson on Carriers, sec. 1423; 6 Cyc. 589; 13 Cyc. 46; 55 Am. St. Rep. 883; 24 Am. Rep. 376; 17 L. R. A. 804; 67 Am. St. Rep. 913; 41 Am. Rep. 305; *W. U. T. Co. v. Peagler*, 50 South. 913; *Same v. Northcutt*, 58 South. 553; *Same v. Krishbaum*, 132 Ala. 535; *Same v. Blocker*, 138 Ala. 483; *Same v. Waters*, 36 South. 773; *Same v. Johnson*, 51 South. 321; *Blount v. W. U. T. Co.*, 126 Ala. 115. A private carrier for hire may discharge himself from liability for accident by showing that he exercised and used skillful care and diligence, ordinarily exercised by those engaged in the same business.—*Stanley v. Steele*, 69 L. R. A. 561; *Walsh v. Chicago, etc., Co.*, 24 Am. Rep. 376. The court erred in sustaining demurrers to the pleas.—9 Cyc. 628; *L. & N. v. Dancey*, 97 Ala. 338.

BOWMAN, HARSH & BEDDOW, for appellee. Mental anguish and vexation are recoverable in this action, as they are the natural proximate and reasonably to be expected result of the breach of the contract.—*W. U. T. Co. v. Rowell*, 153 Ala. 295; *Lay v. Post. T. Co.*, 54 South. 531; *K. C. M. & B. v. Foster*, 134 Ala. 244. The court is not in error in sustaining demurrers to the pleas of contributory negligence.

WALKER, P. J.—This is an action to recover damages for the alleged negligent breach by the defendant of the duty assumed by it by a contract to carry the plaintiff, who was engaged in the real estate business, and four ladies, who were his prospective customers, from Birmingham to Shades Mountain and to return them to Birmingham in an automobile, the claim being that the automobile in which the party was sent out broke down, owing to the negligence of the defendant or its employes, and that the party was not returned to

Birmingham by the defendant, and was caused to remain out on Shades Mountain for a long time and into the night, and finally to walk into Birmingham; the complaint alleging that "plaintiff was put to great trouble, inconvenience, and expense in and about getting himself and said passengers into said Birmingham, and was greatly bothered, and suffered great mental and physical pain in and about remaining at said place."

By motions to strike parts of the complaint embraced in the above quotation and by charges requested, the defendant raised the question of the right of the plaintiff to have his bother or mental worry considered as a basis for recoverable damages. We find no error in the rulings of the trial court in that connection. Where, besides the inconvenience and physical discomfort resulting from the breach of duty complained of, the plaintiff also was subjected to vexation, worry, or distress of mind as natural, proximate and reasonably to be expected consequences of such wrongful act, these last-mentioned results may constitute a support for an award of additional compensatory damages.—*East Tenn. Va. & Ga. R. Co. v. Lockhart,* 79 Ala. 315; *Louisville & Nashville R. R. Co. v. Quick,* 15 Ala. 553, 28 South. 14; *Alabama City, G. & A. Co. v. Brady,* 160 Ala. 615, 49 South. 351.

It is enough to say of the defendant's pleas numbered 3, 4, 5, 6 and 7 that each of them fails to aver either that the plaintiff was at fault in leaving the broken down car before another car came, or that defendant exercised proper care or diligence in sending relief after it had notice of the trouble. There was no error in sustaining the demurrers to those pleas.

The avements of pleas 8 and 10 do not show that any negligence of the plaintiff proximately contributed to the results which the complaint attributed to the breach of duty on the part of the defendant, and plea 9

affirmatively shows that such results were attributable to the act of the defendant. These considerations suffice to support the conclusion that there was no error in sustaining the demurrers to those pleas.

If plea 11 could be regarded as setting up any matter of defense, it was matter available under the plea of the general issue, and the demurrer to it was properly sustained on that ground.

According to the plaintiff's pleading and proof, part of the duty assumed by the defendant was to return plaintiff's party to Birmingham in an automobile. If, in consequence of the breakdown of the car in which the party was sent out, this duty could be performed only by defendant's sending another car for them, it cannot be said that defendant was under no obligation to send out another car. In view of the evidence tending to show the existence of such duty and the negligent failure to perform it, it was not error to refuse charge 32 requested by the defendant.

If, as there was evidence tending to show, the plaintiff did not abandon the broken-down automobile and incur the trouble and inconveniences of walking back to Birmingham until after the defendant had failed, within a reasonable time after being informed of the casualty to that machine, to perform the duty of returning the party to Birmingham in an automobile, that conduct of the plaintiff could not be treated as a waiver by him of the performance by the defendant of the duty assumed by it in that regard. This consideration discloses the incorrectness of charges 21 and 22, refused to the defendant, without determining whether they were otherwise free from fault.

The foregoing disposes of the assignments of error sought to be sustained by the argument of the counsel for the appellant.

Affirmed.