# Birmingham Railway, Light & Power Co. *v.* King.

*Action for Injuries to Passenger.*

(Decided Nov. 27th, 1906.  42 So. Rep. 612.)

1. *Carriers; Injury to Passenger; Complaint; Sufficiency.*—A complaint which alleges that the defendant was a common carrier operating an electric car line, and that plaintiff was a passenger thereon for hire, that on reaching the station the car stopped and while plaintiff was in the act of alighting the car moved off suddenly throwing plaintiff to the ground and severely injuring him, and that said injuries were proximately caused by the negligence of the defendant's employe in charge of the car, in the management thereof, is not subject to demurrer as being vague and uncertain, and not stating facts showing negligence of defendant's employe, or in what they were negligent, or that they were negligent in the line of their employment. Count two charging the negligence to the motorman in the operation of the car and count three charging negligence to the conductor, on the same allegations of facts as count one, are neither subject to such demurrer.

2. *Witness; Examination; Answer; Responsiveness.*—It is not error to exclude the answer of a witness which is not responsive to the question propounded.

3. *Appeal; Review; Harmless Error.*—If it was error to exclude an answer of a witness, this error was cured by the subsequent admission of testimony substantially covering the testimony excluded.

4. *Trial; Instructions; Construction.*—In passing upon the oral charge of the court, where portions thereof are excepted to, the charge must be construed as a whole.

5. *Carriers; Injury to Passengers; Instructions.*—The court instructed the jury that if the car was suddenly jerked forward while plaintiff was alighting, she could recover, unless guilty of contributory negligence. The court modified this charge by instructions to the jury that the defendant did not owe plaintiff the absolute duty to deliver him safely that they were not insurers—absolute insurers—of the safety of passengers, but they owed the passengers the highest degree of care to deliver them safely. As modified, the instruction was correct.

6. *Trial; Instruction; Argumentative Instruction.*—An instruction asked as an answer to argument of counsel, asserting that defendant had no absolute right to have the plaintiff examined to determine the extent of the injuries, was an argument and properly refused.

7. *Same; Misleading Instructions.*—Instructions misleading in their tendencies are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Queenie King against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint contained three counts, as follows: Count 1: "Plaintiff claims of the defendant the sum of $25,000 damages, for that on and prior to the 7th day of September, 1903, the defendant was a body corporate, and as such was engaged in the business of a common carrier, and in and about its business was operating electric cars for the carriage of passengers from Birmingham to East Lake, Ala., one of its lines passing a station called 'Fifty-Ninth Street Station,' which was a regular stopping place for receiving and discharging passengers; and the plaintiff avers that on the said 7th day of September, 1903, the plaintiff was a passenger on one of its said cars going from Birmingham to said Fifty-Ninth Street Station, and upon reaching said Fifty-Ninth Street Station, the said car upon which plaintiff was riding stopped, and the plaintiff attempted to alight from said car at said point, but while she was in the act of alighting, and before she had alighted from said car, the same moved forward quickly, jerking the plaintiff down upon the ground, and severely injuring her in the hips, back, spine, side and other portions of her body, and greatly impairing her nervous system, from which she has suffered great pain and mental torture. (Here follows other allegations of special damages.) And plaintiff avers that her said injuries were proximately caused by the negligence of defendant's employes in charge of said car in the management and operation thereof." Count 2: Same as count 1, except that the negligence alleged is charged to the motorman

in charge of said car in the management and operation thereof. Count 3: Same as first count, except that the negligence is charged to the conductor in charge of said car in the management and operation thereof.

The defendant filed the following demurrers, and assigned the same to each count of the complaint separately: "(1) The averments of said count are vague, uncertain, and indefinite. (2) No facts are stated showing wherein the defendant's employes, servants, or agents were guilty of negligence, (3) It does not appear therefrom how or in what manner said employes were negligent. (4) It does not appear therefrom that said employes were negligent in the doing of an act within the line and scope of their employment as such." These demurrers being overruled, the defendant filed a plea of the general issue and three special pleas of contributory negligence, in the first of which her negligence is alleged to consist of the negligent manner in which she stepped from the car while same was in motion. (2) It is alleged that plaintiff negligently attempted to alight from said car while it was in motion. In the third, her negligence is alleged to consist in negligently alighting from said car while the same was in motion, after having been warned or notified not to alight from said car.

Upon entering into the trial, the plaintiff demanded a struck jury. The court asked the 24 jurors in attendance the usual qualifying questions, all of which were answered in the proper way, whereupon plaintiff's counsel requested the court to inquire of the jurors whether any of them was in the employment of the defendant company. The court did so, and one of the jurors answered that he was employed as a motorman by the defendant company. The plaintiff interposed a challenge for cause as to said juror, upon the ground solely that he was in the employment of the company. The court sustained the ground, and for cause set aside said juror, and substituted for him in the proper way one Baggett, who was stricken from the panel by the defendant. Objection was interposed to the action of the court in reference to this juror by the defendant.

The evidence for the plaintiff is not set out in the record. The tendencies are stated to be that on the day mentioned in the complaint the plaintiff was a passenger on one of the electric cars that the defendant was operating from Birmingham to East Lake, it being Labor Day; that her destination was as stated in the complaint; that the car came to a stop at the Fifty-Ninth Street Station, and the plaintiff immediately got up and went out upon the platform to alight from it, and was in the act of alighting from the step of the platform, and was on the step, when the car, which was standing still up to that time, started with a hard jerk, which threw her to the ground and injured her as stated in the complaint. The tendencies of the evidence as introduced by the defendant was that the car stopped at Fifty-Ninth Street Station the usual length of time for cars to stop there for passengers to get on and off; that after all the passengers who were attempting to get off had alighted from the car in safety while it was standing, the conductor gave the motorman the signal to go ahead; that, after the signal was given, plaintiff came out of the door of the car and started to get off, when the conductor called to her not to get off, stating that he would stop the car again, but she continued to cross the platform and get down on the step while the car was moving slowly.

While J. A. Emery was being examined by defendant, this question was asked him by defendant's counsel: "How did the car start with reference to how it should be started?" referring to the starting of the car at the time the plaintiff was injured. Witness answered as follows: "Heavy trains like that always start slowly." Objection by the plaintiff was interposed and sustained by the court to the answer. Afterwards the defendant asked the witness: "How did this particular train start?" and the witness answered, "Slowly." The witness was asked the further question whether or not it was started as trains of that kind usually are, and witness answered in the affirmative. Dr. Mason testified that at the time of the trial he was surgeon for the defendant, and that he had had no opportunity to examine the plaintiff, and knew nothing as to the extent of

her injuries or condition. Dr. Legrand testified that he was defendant's surgeon at the time plaintiff was hurt, and he examined her just after the accident.

The oral charge of the court is not set out in full in the transcript. The portion excepted to was as follows: "Gentlemen, one of the allegations of the complaint is that she was a passenger on defendant's car. If you are reasonably satisfied from the evidence that she was a passenger, then the moment that she took passage on the car it became the duty of the defendant company to deliver her safely to the point where she intended to get off. If they failed in that, and she was negligently injured in any one of the ways averred in the complaint, by the means averred in the complaint, the defendant would be liable in damages, unless the defendant makes good its pleas of contributory negligence." Then follows the charge as to contributory negligence. The defendant also objected to the oral charge of the court, wherein he instructed the jury that, if the car was suddenly jerked forward quickly when plaintiff was in the act of alighting, then she would be entitled to recover, unless she was guilty of contributory negligence which proximately contributed to her injury. The court thereupon modified its charge by saying to the jury that the defendant company did not owe her the absolute duty to deliver her safely there; that they were not insurers —absolute insurers—of the safety of passengers; but that they owed to the passengers the highest degree of care in delivering them safely at the point of destination. The defendant requested the following written charge, which was refused: "The defendant had no absolute right to have the plaintiff examined for the purpose of determining the extent of her injuries."

There was verdict and judgment for the plaintiff in the sum of $4,000. From this, this appeal is prosecuted.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —Counsel discuss assignments of error, 1 to 6 inclusive, but cite no authority. The court erred in sustaining a challenge for cause to the juror because he was employed as a motorman by the defendant.—*Burdine v. Grand Lodge*, 37 Ala. 478; *Calhoun v. Hannon*, 87 Ala. 277.

[Birmingham Railway, Light & Power Co. v. King.]

The court erred in refusing to charge that defendant had no absolute right to have plaintiff examined for the purpose of determining the extent of her injuries.— *A. G. S. Ry. Co. v. Hill*, 90 Ala. 76.

A. O. LANE, for appellee.—None of the demurrers to the complaint were well taken.—5 Mayfield, 74. The oral charge of the court when taken as a whole correctly states the law and the rule is that it must be construed as a whole and in connection with the evidence.— *Decatur C. W. & Mfg. Co. v. Mehaffey*, 128 Ala. 256; *M. & E. R. R. Co. v. Stewart*, 91 Ala. 422. The court properly allowed the juror motorman to be challenged for cause.—*Steed v. Knowles*, 97 Ala. 578; *N. O. & T. R. R. Co. v. Mosk*, 2 South. 360; *Thomas v. The State*, 133 Ala. 144; *Gunter v. Graniteville Mfg. Co.*, 18 S. C. 263; *Central of Ga. Ry. Co. v. Mitchell*, 63 Ga. 173; *Rollins v. Ames*, 9 Am. Dec. 79. The court properly refused the charge requested by the defendant.—*A. G. S. Ry. Co. v. Hill*, 90 Ala. 71, s. c. 93 Ala. 571.

DOWDELL, J.—The complaint was sufficient, and not open to the demurrer interposed.—5 Mayfield's Dig. p. 754, § 74.

There was no error in excluding the answer of the witness Emery that "heavy trains like that always start slowly." In the first place, the answer was not responsive to the question asked. In the second place, if there was error, it was error without injury, as the subsequent testimony of this witness was in substance and effect the same as the statement which had been excluded.

That part of the oral charge of the court excepted to by the defendant, and which is made the basis of assignment numbered 5, was free from error. The defendant's contention is that it ignored a phase of the defendant's evidence. The part excepted to, when taken in connection with other parts of the oral charge—and the charge must be taken as a whole (*Decatur Car Wheel & Mfg. Co. v. Mehaffey*, 128 Ala. 256, 29 South. 646)—was unobjectionable.

The part excepted to, and made the basis of assignment numbered 6, was, after exception taken, modified by the court, and, as so modified, was relieved of the objectionable feature insisted on in argument.

The juror challenged by the plaintiff was at the time in the employment of the defendant company as a motorman. The court committed no error in allowing the challenge. What was said in *Thomas v. State*, 133 Ala. 139, 32 South. 250, as to the qualifications of jurors and the right of challenge for cause, is applicable here.

There was no error in refusing the written charge requested for the defendant. It was argumentative, and was asked, as indicated in brief of counsel for defendant, for the purpose of answering an argument made by plaintiff's counsel to the jury. Moreover, the charge, if not directly opposed to the case of *Ala. G. S. R. R. Co. v. Hill*, 90 Ala. 71, 8 South. 99, 9 L .R. A. 442, 24 Am. St. Rep. 764; was, to say the least, under the principle laid down in that case, misleading. The bill of exceptions does not purport to set out all the evidence, and it may be that the right of the defendant to have the plaintiff examined by an expert surgeon was such that a denial of it by the court, if it had been requested, would have been reversible error.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.