# Central of Georgia Ry. Co. *v.* Knight.

## *Injury to Passenger.*

(Decided Nov. 30, 1911.   57 South. 253.)

1. *Charge of Court; Instruction.*—In passing upon the oral charge of the court, in determining whether portions thereof are objectionable, the charge will be construed as a whole.

2. *Shipping; Passengers; Contract; State Room Accommodation.* —Where a ticket entitled plaintiff to a first class passage over defendant's railroad to S., and thence, by a steamship to N., the steamship passage requiring an entire night voyage, the failure of defendant to reserve a stateroom on the steamship by wire, constituted a breach of the contract to do so.

3. *Same; Custom and Usage.*—First class passage including all night passage on a steamship carries with it the right to stateroom accommodation, as a matter of common knowledge, for, by custom and usage, a passenger contracts for such accommodation in securing first class passage.

4. *Same; Instruction.*—A charge asserting that if defendant did not agree to furnish a stateroom, the jury should find for defendant, unless they further found that it was impracticable for plaintiff to travel on the boat without a stateroom, and if she could not so travel, then it would be a violation of her contract, etc., was proper where the action was for breach of transportation contract, including a night steamship voyage, for failure to reserve stateroom accommodation on the boat.

5. *Same; Elements of Damage.*—Where the husband of plaintiff purchased a ticket from Birmingham by way of Savannah to Norfolk, including steamship from Savannah to Norfolk, and the agent agreed to telegraph for stateroom accommodation on the boat, and failed to do so, the jury in arriving at the measure of damages could properly consider the fact that the agent knew that the trip was part of plaintiff's bridal trip, and the delay incident to going by Savannah in order to take the trip by water.

6. *Same; Accommodation; Consideration.*—When the defendant sold plaintiff a ticket for transportation over defendant's railroad line, and thence by steamship to destination, and agreed to wire for stateroom accommodations on the steamer, such agreement was a part of the contract of carriage which inured to plaintiff's benefit and was not a nudum pactum.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Alice Knight against the Central of Georgia Railway Company for damages for delay in transporta-

[Central of Georgia Ry. Co. v. Knight.]

tion and breach of contract. Judgment for plaintiff in the sum of $400, and defendant appeals. Affirmed.

The oral charge complained of is as follows: "If you find that they did not agree to furnish a stateroom, you will find for the defendant, unless you should find that it was impracticable for her to travel on the boat without a stateroom. If you find that she could not travel on the boat without a stateroom, then it would be a violation of her contract." "If they agreed to undertake, and undertook, to send a telegram for the accommodation to be reserved for her, and to have them reserved for her, and when she reached Savannah she applied there, either through herself or husband, for the accommodations, and they were not furnished in accordance with the contract, then the defendant is liable." The other charges sufficiently appear from the opinion.

LONDON & FITTS, for appellant. The court erred in refusing the charges requested by defendant.—*B. R. L. & P. Co. v. Parker,* 47 South. 138; *Same v. Weathers,* 51 South. 303. Under these authorities, the court was in error in its oral charge. The court also erred as to the measure of damages.—2 Sedg. on Damages, secs. 490 and 601.

GASTON & PETTUS, for appellee. The complaint must be construed as a whole.—*L. & N. v. Johnson,* 162 Ala. 665. When so construed, it included the reservation of stateroom accommodation.—*Meyers v. Conway,* 90 Ala. 109; *Meigs v. McCung,* 13 U. S. 11; 9 Cyc. 728. The oral charge of the court must be construed as a whole, and when so construed, there is no error in the exceptions reserved. The verdict was not excessive.—*C. of Ga. v. Jones,* 54 South. 509.

PELHAM, J.—The appellant, a common carrier, having a commercial and also a ticket agent at Birmingham, Ala., sold to appellee a ticket entitling her to first-class passage from Birmingham, Ala., to Norfolk, Va., transportation to be by rail from Birmingham to Savannah, Ga., over the appellant's railroad, and from thence to destination by boat over the Merchants' & Miners' Transportation Company, a connecting carrier of appellant. The appellee sued for breach of the contract of carriage, alleging in the third count of the complaint, which was the only count submitted to the jury, that she purchased a ticket from the agent at Birmingham entitling her to a first-class passage over the appellant's railroad from that point to Savannah, Ga., and that appellant undertook and agreed as part of the contract of carriage to arrange by telegraph to engage for her a stateroom on the connecting carrier's boat or steamer at Savannah making connection with the railroad and bound for Norfolk. The case was tried on a plea of the general issue to this count of the complaint, which alleges that, by the breach of the contract, appellee was "caused to suffer a great loss of time and money, was greatly delayed, harassed, humiliated, and annoyed, and was caused much physical inconvenience and discomfort, and great mental distress and worry."

It appears from the evidence introduced on the trial, and is also alleged as a fact known to appellant at the time the ticket was purchased, that appellee was a bride, and that the ticket sold to her was for a pleasure journey, a bridal trip; and that she had in contemplation as a part of the enjoyment of this honeymoon excursion a steamer voyage with the groom on appellant's regular connecting carrier from Savannah to Norfolk. The husband of appellee testified that a few days previous to the purchase of the ticket for appellee he had informed the

commercial agent of appellant in Birmingham of the purposes of the trip, and discussed the different routes with him, and that the agent had stated that the reservation of the stateroom on the boat would be made when the ticket was purchased; that they would make the reservation by wire. This witness further testified that the commercial agent referred him to the ticket agent at the terminal station in Birmingham for a purchase of the ticket on the day it was secured, and at the time of paying for it the ticket agent stated that the stateroom accommodations would be reserved. On arrival in Savannah, appellee and her husband made inquiry of the agent of appellant and also of its connecting carrier, and ascertained that no telegram had been received and no stateroom accommodation reserved on the connecting steamer, and she was unable to secure such accommodations, although she applied to the agent of appellant and the connecting carrier for them. The appellee arrived in Savannah on or about schedule time Tuesday morning. The connecting steamer sailed that afternoon. The next steamer was not scheduled to sail before the following Saturday. After failing to get accommodations on the connecting boat, appellee took the train about 2 or 3 o'clock that same afternoon for Norfolk, and reached there before the arrival of the boat on which she had expected to go. Appellant's commercial agent at Birmingham with whom the negotiations were had with reference to the purchase of the ticket by appellee's husband testified that the holder of such a ticket as the appellee had would be entitled to first-class passenger accommodations from Birmingham to Norfolk; that the Merchants' & Miners' Transportation Company was a regular connection of the Central of Georgia Railway Company, the appellant; that he did not recall having any conversation with ap-

pellee's husband about the sale of the ticket in question; that the custom was to telegraph to Savannah and ask for stateroom accommodations, and, if they were secured, to inform the prospective passenger.

The appellant excepted to portions of the oral charge of the court, and insists here that giving these portions of the charge constitutes error. The charge must be construed as a whole (*B. R. L. & P. Co. v. King*, 149 Ala. 504, 42 South. 612), and, when so construed, we cannot assert that the portions objected to are erroneous. That part of the charge made the ground of the first assignment of error: "If you find that they did not agree to furnish a stateroom, you will find for the defendant, unless you should find that it was impracticable for her to travel on the boat without a stateroom. If you find that she could not travel on the boat without a stateroom, then it would be a violation of their contract"—is most favorable to appellant in the light of the testimony of the appellant's agent that the ticket held by appellee entitled her to first-class passage from Birmingham to Norfolk. That part of the ticket entitling her to passage from Savannah to Norfolk was for passage on board a steamer on which she would have to spend the entire night, and the charge substantially, when construed as a whole, left it to the jury to determine whether or not it was impracticable for the appellee to travel all night on a boat without stateroom accommodations, when she held a ticket sold to her by appellant entitling her to first-class passenger accommodations on the boat. The testimony on behalf of appellee was to the effect that appellant had agreed and undertaken as a part of the contract of carriage to wire and reserve for her a stateroom, and, if the jury believed this evidence (and there was but slight negative testimony in conflict with it), a failure to do so would

[Central of Georgia Ry. Co. v. Knight.]

constitute a breach of the contract, whether to travel all night on the boat without a stateroom, was or was not practicable; and we might say that first-class transportation, including all-night travel on a passenger steamer, carries with it the right to stateroom accommodations as a matter of common knowledge, for, based on custom and usage, the passenger contracts for such accommodations when securing first-class passage.

As to the second assignment of error based on the court's oral charge, it is enough to say, to meet appellant's objections urged by brief, that the court was laying down rules applicable to the evidence. There was no evidence even tending to show that appellant had sent a telegram endeavoring to reserve accommodations, as, according to appellee's contention, it had contracted to do. The liability of appellant for failure to furnish accommodations was limited to failure "in accordance with the contract." The complaint by a fair and reasonable construction of its language avers a breach of the contract of carriage in failing to secure accommodations on appellant's connecting carrier by wiring for a stateroom reservation on the ticket purchased from appellant. The allegations of negligent failure are merely descriptive of the breach complained of.—*W. U. Tel. Co. v. Garthright,* 151 Ala. 413, 44 South. 212.

We cannot subscribe to the doctrine, so insistently urged by appellant, that appellee would be precluded from recovering more damages because this trip was made soon after her marriage, when she was on her bridal trip. The appellant did not seek to challenge these facts, which were specifically set out and averred in the complaint (with the additional averment that they were known to appellant), by motion to strike, or otherwise. Nor was any objection interposed on the

trial to the introduction of the evidence tending to prove these allegations as laid in the complaint, but appellant raises the question by requesting the following charge which was refused by the court: "Under the evidence in this case, the plaintiff cannot recover any damages because this trip was made soon after the marriage; nor is she entitled to recover any more damages because of having been recently married at that time." The complaint alleges that appellee was on her bridal trip, and that appellant knew this when it sold her the ticket. Appellee's husband testified, without objection, that he apprised the agent of appellant, with whom he discussed the selection of the route, that it was a bridal trip, and that he "wanted all the water route I could get." The agent of the appellant only contradicts this by testifying he did not recall any conversation with appellee's husband about the purchase of the tickets. Special circumstances distinguishing the particular contract from the great mass of contracts of the same kind, when known or communicated, become an implied element of the contract, and the parties are presumed to contract in reference to them.—*Daugherty v. Am. U. Tel. Co.*, 75 Ala. 168, 51 Am. Rep. 435. The appellee having averred and offered proof in support of the fact that she was taking a bridal tour on the occasion the contract was breached, and that this was known to the appellant when entering into the contract of carriage, we are unable to see on what sound rule or reason the jury should not be allowed to consider this in measuring the amount of damage, if they conclude the appellee is entitled to be awarded damages for a breach of the contract of carriage. A different measure of damages would obtain to compensate an unattended, delicate woman who was going to the bedside of her dying father for being rudely put off a railroad

train in the rain at night and at the wrong station, where she was a stranger and there was no station agent, from that which would justly prevail as to a robust man who was on an ordinary business trip for being put off the train in the same way under similar surroundings. A woman regards her bridal tour among the important events of her life, and the mental distress and worry she might undergo on such an occasion because of being prevented or delayed in securing stateroom accommodations for a voyage by water on which she had set her heart would no doubt be greater than if the denial or delay and attendant annoyance and disappointment came to her at some other time, and this was a proper matter for the jury to consider in the imposition of damages for mental distress and worry under the pleadings and evidence in this case.

There was no error committed in refusing the charge requested by appellant that the appellee could not recover anything for delay. This contract of carriage under appellee's contention was for a pleasure trip, embracing a boat voyage, which fact was known to appellant, and, by appellant's failure to wire for accommodations, appellee was unable to secure them, and was delayed in taking the trip by water. The journey by all-rail from Birmingham to Norfolk could have been made in about the same time as to Savannah, had appellee desired; and, considered in the light of an all-rail trip, appellee was delayed in reaching her destination at Norfolk, as no object appeared for going to Savannah except to take the boat for the purpose of reaching her destination at Norfolk.

The consideration or arrangements between the bride and groom, whereby he furnished her the ticket for which he paid the appellant, is not to be questioned by appellant by saying that the agreement to wire as to

[Birmingham Railway, Light & Power Co. v. Mindler.]

appellee was nudum pactum, for appellant received the money for her ticket, and the special agreement to wire was part of the contract of carriage and inures to her benefit.

The amount of the judgment as rendered by the court is not excessive, and the motion for a new trial was properly overruled.

No error appears of which the appellant can complain, and the judgment of the court below is affirmed.

Affirmed.