# Browning *v.* Fies, *et al.*

### *Damages for Breach of Contract.*

(Decided April 16, 1912.　58 South. 931.)

1. *Appeal and Error; Questions Reviewable; Pleadings.*—Where judgment entry shows an issue joined on the plea of the general issue and the bill of exceptions shows that the trial was entered upon without objection and proceeded to a final conclusion as if the issue had been made by a plea of the general issue, the court, on appeal, will review the case, as if the issue had been made by the filing of the proper plea although the record does not disclose any such plea.

2. *Damages; Breach of Contract; Measure; Special Damages.*— Where a contract is entered into under special circumstances known to both parties at the time, the damages recoverable for a breach thereof, are measured not only by the actual loss sustained, resulting naturally as the ordinary consequences of a breach, but also includes consequences which may under the special circumstances be presumed to have been in the contemplation of the parties as the probable result of a breach.

3. *Same; Mental Anguish.*—Mental anguish is an element of actual damages for breach of a contract.

4. *Livery Stable Keepers; Breach of Contract; Damages.*—Where defendant was conducting a public livery business and contracted with the plaintiff to have a carriage and team at a certain place at a certain time for the specific purpose of conveying plaintiff and his family and friends to the church where plaintiff was to be married at a specified time, of all of which defendant was informed at the time of the making of the contract, the plaintiff could recover for physical discomfort in consequence of being delayed and not having proper conveyances to meet the appointment, and for mental anguish suffered in consequence of his physical inconvenience and delay caused by a failure of defendant to furnish the carriage and team as agreed.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by C. L. Browning against Jacob Fies and another for damages for breach of contract. From a judgment granting insufficient relief, plaintiff appeals. Reversed and remanded.

ALLEN & BELL, for appellant.—Mental suffering and injury to feeling resulting proximately from the wrong-

[Browning v. Fies, et al.]

ful act of the defendant, entitles the plaintiff to recover although no actual damage be alleged or proved, and form of the action may be *ex delicto,* the tort being a violation of legal duty involving as one of its elements a breach of contract.—64th Cent. Law Journal No. 14 page 275; *Lindh vs. Great Northern Ry.* (1906) 109 N. W. Rep. 823; *Foley v. Phelps,* 37 N. Y. Supp. 471; *Korber v. Patck,* 123 Wis. 455; 68 L. R. A. 956; *Larson v. Chase,* 47 Minn. 307; 50 N. W. Rep. 238. Damages for mental suffering are recoverable in actions *ex contractu* where the actual damages are only nominal;; they may be added as a matter of aggravation.—*Western Union Tel. Co. v. Manker,* 41 South. 850; 137 Ala. 292; 145 Ala. 418; 45 Central Digest, Telegrahps and Telephones, §§ 69 and 70; *Western Union Tel. Co. v. Krichbaum,* 132 Ala. 535; 31 South. 607; 5th Mayfield Digest, p. 262 § 2; *Roswell v. Western Union Tel. Co.,* 45 South. 80, 81; *Western Union Tel. Co. v. Adair,* 115 Ala. 445; *K. C. M. & B. v. Foster,* 134 Ala. 244. Mental suffering is an element of damages for which a recovery may be had if in the contemplation of the contracting parties. —*Western Union Tel. Co. v. Long,* 148 Ala. 202.

In the following telegraph cases it was held that a recovery for mental suffering and anguish, the proximate consequence of the failure to deliver a telegraphic message, might be had by the plaintiff.—*Western Union Tel. Co. v. Long,* 148 Ala. 202; *Western Union Tel. Co. v. Henderson* 89 Ala. 510; 7 South. Rep. 419; 18 Am. St. Rep. 148; *Western Union Tel. Co. v. Ayers,* 131 Ala. 391; 31 South. 78, 90 Am. St. Rep. 92; *Western Union Tel Co. v. Haley,* 143 Ala. 36.

Damages for mental suffering, disappointment, etc., are recoverable for the failure of a milliner to furnish a trousseau, etc.—*Lewis et al. v. Holmes,* 109 La. 1030; 34 South. 66; 61 L. R. A. 274; *Western Union Tel. Co. v.*

*McMorris,* 48 South. 349. Direct proof of mental suffer-
ing is not necessary, but may be inferred from the cir-
cumstances.—*Western Union Tel. Co. v. McMorris, su-
pra; City Nat'l. Bank of Jeffries,* 73 Ala. 183 to 193;
*Trinity, etc., R. R. v. O'Brien,* 18 Texas Civ. App. 600;
46 S. W. 389; 13 Cyc. 205.

TILLMAN, BRADLEY & MORROW, for appellee. The de-
murrers to the complaint, after it was first amended,
were properly sustained.—*Evans v. Southern Railway
Co.,* 133 Ala. 483; *Western Union Tel. Co. v. Rowell,*
153 Ala. 295. Damages for mental anguish, humiliation
or annoyance, are not recoverable in an action of this
character.—*Alabama City, etc. v. Brady,* 160 Ala. 615;
*Western Union Tel. Co., v. Howle,* 156 Ala. 331; *West-
ern Union Tel. Co. v. Northcup,* 158 Ala. 539; *Western
Union Tel. Co. v. Westmoreland,* 151 Ala. 319; *West-
ern Union Tel. Co. v. Kirchbaum,* 132 Ala. 535; *West-
ern Union Tel. Co. v. Blocker,* 138 Ala. 482; *Dickson v.
Finley,* 158 Ala. 149; Mayfield Digest, vol. 6, p. 248, §
85, et seq.; *Hackey v. Skagg,* 62 Ala. 180; *Beaulieu v.
Gt. Northern Ry.* (Minn.) 114 N. W. 353; *Buenzle v.
Newport Am. Co.* (R. I.) 68 Atl. 721, 17 L. R. A. (N.
S.) 1243; *Gatzow v. Buening,* 106 Wis. 80, Am. St. Rep.
1, Suth. on Damages, vol. 3, § 975; Page on Contracts,
vol. 3, § 1573; 13 Cyc. p. 45.

PELHAM, J.—This is a suit for damages for the
breach of a contract entered into between the appellant,
who was the plaintiff below, and the appellee. Under
the terms of the contract, the defendants, for the con-
sideration of $5 paid to them by the plaintiff, agreed
to furnish a carriage and team for the special purpose
of carrying the plaintiff, his friends, and relatives from
the home of the plaintiff near Rising Station to a church

in Birmingham, Ala., a distance of about three miles, at which church the plaintiff on this particular occasion was to be married. The damages claimed and sought to be recovered were for the actual financial loss arising out of a breach of the contract, and damages for mental suffering, physical pain, humiliation, mortification, etc.

Demurrers were filed to each count of the original complaint, setting up as grounds of demurrer, among others, that damages for mental suffering and humiliation, etc., were not recoverable under the allegations of the complaint. The plaintiff amended his complaint by withdrawing the second count and filing an additional count designated as count No. 4. Demurrers having been refiled and sustained to the complaint as thus amended, the plaintiff again amended by adding count No. 5, and making certain amendments to counts 1, 3, and 4, making more certain the allegations of such counts as to the parties with whom the plaintiff entered into the contract. The demurrers interposed to counts 1, 3, 4, and 5, as last amended, were overruled, and defendants thereupon filed two motions to strike from each count of the complaint as amended the averments as to the plaintiff's having suffered great mental anguish, humiliation, distress, etc., on the ground that such allegations did not set up matters constituting proper elements for the recovery of damages. The defendants also separately moved to strike from each count of the complaint the claims for damages based on delay in reaching the place appointed for the marriage ceremony, for being compelled to ride to the church in a public street car, and for physical and mental pain and suffering, for humiliation, etc., etc., in consequence thereof, on the grounds that such damages were speculative, too remote, and not recoverable in an action of this nature. The court granted the defendants' mo-

tion to strike from the complaint these elements as claims for damage as to each count, and the plaintiff reserved exceptions to the court's ruling. On the pleadings as thus framed, the issues were tried before a jury.

So far as the record discloses, no plea was filed by the defendants, but the judgment entry shows an issue joined between the parties, and the bill of exceptions shows that the trial was entered upon without objection and proceeded to a final conclusion as if upon issue made by a plea of the general issue. The missing plea being thus supplied by intendment, this court will review the action of the trial court the same as if the issue had been made in due form by filing a proper plea.— *City Loan & Banking Company v. Byers,* 1 Ala. App. 583, 55 South. 951; *Hardeman v. Williams,* 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; *Richmond & Danville R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86.

The evidence without conflict showed that the plaintiff, on the day of the evening upon which he was to be married, went to the defendants' place of business in Birmingham, Ala., and entered into a contract with the defendants, who were engaged in conducting a public livery business, to furnish the plaintiff, for the use of himself, friends, and family, a carriage and team which was to be sent to the plaintiff's residence at or near Rising Station at 7.30 o'clock p. m. on that day to carry plaintiff and his wedding party to the church in Birmingham, three miles distant, where the plaintiff was to be married at 8 o'clock on that evening. The defendants made a charge of $5 for this specified use of the carriage and team, which amount was paid to the defendants by the plaintiff, who at the time of making the contract informed the defendants of the purpose for which the same was to be used and the hour appointed for the ceremony, and the defendants agreed and contracted to furnish

the carriage and team to be used by the plaintiff for this specific purpose. It was also shown without conflict in the evidence that the defendants made default and breached the contract and failed to send the carriage at the time and place as they contracted to do, and no excuse whatever was offered upon the part of the defendants for having failed to perform the contract. The plaintiff, on account of the defendants' breach of the contract, was compelled, in order to reach the church where his prospective bride and friends were awaiting his coming, to resort to a public street car in which plaintiff and his family and friends, at the expenditure of 30 cents for street car fare, attended the wedding appareled in "dress" or "evening" clothes. The plaintiff and the lady members of his family, unsuitably attired for riding in a street car and for walking along the public streets, had to walk for several squares from the place necessary to leave the car line in going to the church, and the wedding ceremony was delayed for 45 or 50 minutes on account of the failure of the plaintiff to reach the church on time. During this period of delay, the bride, family, minister and friends in attendance at the church were kept waiting upon the delayed arrival of the prospective groom.

On the trial the plaintiff offered in varying forms questions to elicit evidence going to show that he suffered mental and physical pain, mortification, and humiliation, but on objection of the defendants he was not allowed to make such proof or to show any elements of damage of this nature. At the instance of the defendants, the court gave the following charge in writing to the jury: "If the jury believe the evidence, they can only find a verdict for the plaintiff for $5.30 with interest thereon from the 26th day of April, 1906." The plaintiff requested charges in writing, which were refused by

the court, to the effect that the plaintiff was entitled to recover for any mental suffering and physical pain caused as a proximate consequence of the defendants' breach of the contract. The jury returned a verdict for plaintiff for $6.55, and, from the judgment entered on this verdict, the plaintiff prosecutes this appeal.

The main contention of appellant is that the court was in error in its ruling on the pleading and on the evidence, and its rulings on the charges in refusing to allow mental suffering and physical pain as an element of recoverable damages for breach of the contract.

The plaintiff's special or ulterior purpose in making the contract was disclosed at the time it was entered into and thereby became incorporated into it and thus afforded a substantial basis for the assessment of special damages. The special circumstances having been known and assented to by each of the contracting parties, each is deemed to have contracted with reference to them, and the party who breaches the contract may be justly held to make good to the other whatever damages, general or special, he has sustained which are the reasonable and natural consequences of the breach under the known circumstances with reference to which the parties acted in making the contract.

When a contract is entered into under special circumstances within the knowledge of both parties, the natural and proximate consequence of a breach of which will entail special damages upon the party not in default, the larger amount of damages may be recovered as having been in the contemplation of both parties.—*Bixby-Thcirson Lumber Co. v. Evans,* 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47. This was also the English rule and the rule at common law. Damages recoverable for the breach of a contract are measured, not only by the actual loss sustained that

naturally results as the ordinary consequence of the breach, but extend to consequences which may, under the circumstances of entering into the contract, be presumed to have been in the contemplation of both parties as the probable result of a breach. 6 Eng. Rul. Cas. 617. And, if the special circumstances are communicated, they become an element of the contract.—*Daugherty v. Am. U. Tel. Co.,* 75 Ala. 168, 51 Am. Rep. 435.

But are damages for mental suffering an element of the special damages recoverable? "Injury to the feelings—mental harassment—is an element of actual damages. 'Wounding a man's feelings is as much an element of actual damages as breaking his limb.'—*Head v. Georgia Pac.,* 79 Ga. 358 (7 S. E. 217, 11 Am. St. Rep. 434)." *Birmingham Water Works Co. v. Martini,* 2 Ala. App. 652, 56 South. 833.

The right to recover special damages for mental anguish growing out of a breach of contract to send and deliver a telegram, as said in the recent case of W. U. *Tel. Co. v. Cleveland,* 169 Ala. 131. 135, 53 South. 80, 82, "has been settled in this court," citing the cases sustaining this proposition.

If damages for mental suffering are actual damages and recoverable as compensatory damages when proximately resulting from a breach of the contract, because of the nature of a telegram and the relationship disclosed bringing this consequence of the breach within the contemplation of the parties, as was held in W. U. Tel. Co. v. Haley, 143 Ala. 586, 39 So. 386, we cannot perceive under what rule or by what sound reason such *actual* damages can be excluded as a proper measure of recovery in connection with the pecuniary loss sustained as a direct consequence from the infraction of a contract entered into under special circumstances known to both parties, and with reference to which they contracted.

In a later case (*Birmingham Water Works v. Ferguson,* 164 Ala. 494, 51 South. 150), the Supreme Court held in a bare majority opinion "that there is no substantial distinction between inconvenience and annoyance, and that annoyance may be considered in estimating the damages" recoverable for the breach of a contract where inconvenience flows as a natural and proximate consequence from the breach. The learned justices seem to have been considerably divided on some of the questions presented in this case, but only two members of the court appear to be of the opinion that neither inconvenience nor annoyance involves mental anguish. When the word "annoyance" is used not synonymously with nuisance or in that connection, but is used as applied to a particular person, we are inclined to the opinion that, taking the word as used in this latter connection in its ordinary meaning, in the sense derived from common use, there could hardly be said to be an annoyance to the person without some accompanying mental disturbance.—*Birmingham Water Works Co. v. Martini, supra.* One of the definitions of annoyance given by the Century Dictionary is, "The state of being annoyed; a feeling of trouble, vexation, of anger, occasioned by unwelcome or injurious acts or events."

In the case last cited (*Birmingham Water Works Co. v. Martini*), *supra,* this court held that, in action of trespass on the case for maintaining a nuisance, plaintiff could recover for mental pain suffered in consequence of physical discomforts growing out of maintaining a nuisance.—*Birmingham Water Works Co. v. Martini, supra,* 2 Ala. App. 652, 56 South. 830, 834.

This court has also held (*C. of G. Ry. Co. v. Knight,* 3 Ala. App. 436, 57 So. 253) that, for a breach of contract for transportation, a woman may recover for mental distress and worry due to having been prevented and de-

[Browning v. Fies, et al.]

layed in securing stateroom accommodations while on her bridal trip.

In this particular case, considering the subject-matter of the contract, the special purpose and exceptional use to which plaintiff intended to put the carriage, which was communicated and well known to the defendants, and with reference to which they contracted, it would seem that it was in the reasonable contemplation of the parties when the contract was entered into under the special known circumstances, that the immediate effect and proximate result ensuing from a breach of the contract by the defendants would cause the plaintiff inconvenience, annoyance, mental harrassment, or distress, and make him to suffer physical delay with the attendant discomfort, as well as mental pain in consequence thereof. Certainly it is but common knowledge that some distress of mind must be the natural and proximate consequence of being delayed and not having proper conveyance to meet an appointment of such delicate nature.

The plaintiff by proper averments claimed damages in different counts of the complaint for physical discomfort in consequence of being delayed and not having proper conveyance to meet the special and particular appointment (undoubtedly of great moment to him), and for mental distress attendant upon and suffered in consequence of these physical inconveniences, delay, etc. The court was in error in not submitting these questions to the jury as a proper element of recoverable damages, and in limiting the recovery to the actual financial loss sustained.

A detailed discussion of the various assignments of error is unnecessary. The main proposition involved in each and all of them goes to the question we have considered and determined in what has been said.

Reversed and remanded.