(110 So. 801)

## WYATT v. ADAIR. (6 Div. 517.)

(Supreme Court of Alabama. Dec. 16, 1926.)

1. **Constitutional law ⬥215—Contract between landlord and white tenant to exclude negroes from building does not violate constitutional guaranties (Const. U. S. Amend. 14).**

Landlord and white tenant could enter into contract to effect that former should not rent apartments in building to negroes; such contract not being in violation of Const. U. S. Amend. 14, as prohibitions of this amendment refer only to state action.

2. **Landlord and tenant ⬥172(2), 180(4)— White tenant, leaving building because leased to negroes, contrary to established custom, could recover for constructive eviction and for mental anguish.**

White tenant, who left premises because part of building having common toilet was leased to negroes, could recover damages against landlord for constructive eviction, and for mental anguish caused by humiliation to himself and family, though no express agreement was violated, in view of established custom not to rent building partly occupied by whites to negroes.

3. **Contracts ⬥168—Matters which may be expressly agreed may also be implied.**

Matters which may be expressly agreed may be implied, if circumstances warrant conclusion that such was intention of parties.

4. **Customs and usages ⬥13—General custom affecting enjoyment of premises is implied element in contract between landlord and tenant.**

Well-known general custom, affecting quiet enjoyment of premises, may be considered implied element of contract between landlord and tenant.

5. **Customs and usages ⬥10—Proof of custom in negro district not to rent to negroes premises having toilet common to quarters rented to whites held competent.**

In tenant's suit for damages it was competent to prove custom in colored district not to rent to negroes premises having common toilet, where premises were occupied in part by white people.

6. **Frauds, statute of ⬥148(1)—Count for breach of implied covenant excluding negroes from building held sufficient, though not showing writing under lease and occupancy for less than year.**

Complaint for breach of implied covenant not to lease another part of same building to negroes *held* sufficient, where showing date of lease and termination, date of entry into possession, and date of breach of covenant, all of which were within one year, it not being necessary, to aver that lease was in writing.

7. **Landlord and tenant ⬥48(1), 130(3)—Tenant suing for invading quiet enjoyment and for breach of covenant need not allege his compliance with lease.**

In tenant's action for wrongfully invading right of quiet enjoyment pending lease and for breach of covenant, tenant did not need to plead his own compliance with terms of lease.

8. **Landlord and tenant ⬥130(3)—That tenant in possession had forfeited right to quiet enjoyment was matter of defense.**

In suit by tenant against landlord for wrongfully invading right of quiet enjoyment, that tenant had forfeited such right was matter of defense.

9. **Landlord and tenant ⬥172(2)—Act of landlord rendering premises unfit for occupancy or depriving tenant of beneficial enjoyment constitutes "constructive eviction."**

"Constructive eviction" is a removal of tenant from premises rendered unfit for occupancy due to act of landlord, or by act of landlord depriving tenant of beneficial enjoyment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Constructive Eviction.]

10. **Landlord and tenant ⬥180(4)—Where landlord constructively evicted tenant by placing negroes in building having common toilet, tenant could recover damages for mental anguish.**

In action by tenant against landlord for constructive eviction by placing negroes in part

of building having common toilet, tenant could recover damages for mental anguish, limited to plaintiff's mental distress, including humiliation to him from position in which family was placed.

**11. Landlord and tenant ⟐180(3)—Evidence of unharmonious relations between tenant and wife held immaterial in action to recover for husband's mental distress caused by constructive eviction.**

In action by tenant against landlord for constructive eviction by placing negroes in part of building having common toilet, evidence of declarations of tenant's wife tending to show hostility between husband and wife *held* inadmissible as immaterial to question of husband's mental distress, and hearsay.

**12. Nuisance ⟐50(1)—Damages are not recoverable for mental pain due to sickness in family from nuisance.**

Mental pain due to sickness in family of plaintiff *held* not recoverable, though sickness was brought on by maintenance of nuisance about plaintiff's home.

**13. Landlord and tenant ⟐180(3)—Evidence of sickness of tenant's child held inadmissible to show mental anguish in action against landlord for constructive eviction.**

In tenant's action against landlord for damages for constructive eviction by landlord's leasing part of premises, containing common toilet, to negroes, evidence of sickness of tenant's child *held* improperly admitted to show mental anguish, where connection with eviction was not shown.

**14. Trial ⟐191(11)—Failure to limit punitive damages in action against landlord for constructive eviction to circumstances of aggravation or malice held error as assuming facts.**

Failure of court to limit punitive damages, in action by tenant against landlord for constructive eviction, to finding that wrongful act complained of was accompanied by circumstances of aggravation or malice, *held* error as assuming facts for jury to determine.

**15. Landlord and tenant ⟐180(6)—Whether constructive eviction of tenant was malicious or accompanied by circumstances of aggravation held for jury.**

Whether, circumstances of aggravation accompanied wrongful act of landlord in constructive eviction of tenant in leasing part of building having common toilet to negroes, or whether act was result of malice, *held* for jury, and court could not assume such facts in instructions.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by J. E. Adair against W. P. Wyatt. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

On the trial defendant propounded this question to a witness:

"I'll ask you if, during the time Mr. Adair and his family were there, Mrs. Adair came in that store one day, and had some words with her husband in your presence, and claimed she had never been happy with him?"

Plaintiff objected to this question, and the trial court sustained the objection.

The defendant excepted to the following excerpt from the oral charge of the court:

"Now, then, under those tort counts 1 and 5, if you should find that W. P. Wyatt was the responsible person for putting those negroes in there, and that he was the one that had the contract and not his son, and that he had control over the property, W. P. Wyatt, the defendant, not the son—if he in other words, was the responsible man for putting negroes in there, and had control over the property, had not parted with it under the lease to his son, and had perpetrated this wrong, if there was a wrong, then, in addition to the actual damages for mental anguish that I have just spoken to you about, and the humiliation, you could superimpose or superadd in addition to those damages, actual damages, such as other damages and further damages known as punitive damages; that is. as the word implies, damages by way of punishment."

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellant.

It is not within the competency of a state to abridge the rights of any citizen; all citizens have the same right. Fourteenth Amendment; section 3925, Comp. Stat. 1916; Section 1977, Fed. Stat. Ann. (2d Ed.); 12 C. J. 1143; Buchanan v. Warley, 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201. No cause of action arises in favor of a white man against another who has brought negroes into close proximity with the property of the white man. Falloon v. Schilling, 29 Kan. 292, 44 Am. Rep. 642; Holbrook v. Morrison, 214 Mass. 209, 100 N. E. 1111, 44 L. R. A. (N. S.) 228, Ann. Cas. 1914B, 824; Davis v. Simpson Coal Co., 162 Ala. 424, 50 So. 368; Robson v. Palace-Chambers-Westminster Co., 14 T. L. R. 56. A complaint for the breach of a contract is demurrable where it fails to allege whether the contract is oral or in writing. Liverpool, etc., v. McCree, 210 Ala. 559, 98 So. 880; Byars v. James, 208 Ala. 390, 94 So. 536. No custom or usage is good which conflicts with an established principle of law. Arrant v. Georgia Cas. Co., 212 Ala. 309, 102 So. 447. In pleading an eviction, the tenant must state facts showing definitely and certainly the wrongful acts complained of and that abandonment of the premises was caused by such wrongful acts; the mere averment as a conclusion that plaintiff was evicted is not sufficient. 31 C. J. 421; Roll v. Howell, 9 Ala. App. 171, 62 So. 463; Crommelin v. Thiess & Co., 31 Ala. 412, 70 Am. Dec. 499; Chamberlain v. Godfrey, 50 Ala. 530; Rice v. Dudley, 65 Ala. 68. Exemplary damages are recoverable only when the wrongful act is wantonly or maliciously done, or with circumstances of aggravation. Garrett v. Sewell, 108 Ala. 521, 18 So. 737; Dunham v. Miller, 154 Mo. App.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

314, 133 S. W. 675; Wilkinson v. Searcy, 76 Ala. 176; Wamsganz v. Wolff, 86 Mo. App. 205. Damages for mental suffering cannot be recovered where the action is based on contract. 36 C. J. 282; Harris v. Cleghorn, 121 Ga. 314, 48 S. E. 959; Brookside-Pratt Co. v. McAllister, 196 Ala. 110, 72 So. 18. Evidence of illness in plaintiff's family was not admissible. Furr v. Jones (Tex. Civ. App.) 264 S. W. 164; Fillebrown v. Hoar, 124 Mass. 580.

A. Leo Oberdorfer, of Birmingham, for appellee.

The public policy of the state is to segregate the races as to dwellings, etc. Bowie v. B. R. & E. Co., 125 Ala. 397, 27 So. 1016, 50 L. R. A. 632, 82 Am. St. Rep. 247. Owners of property may agree to restrictions not to sell to people of the Negro race. Corrigan v. Buckley, 271 U. S. 323, 46 S. Ct. 521, 70 L. Ed. 969. The parties will be presumed to have contracted with reference to known customs and usages; the contrary not appearing as a part of the contract. 27 R. C. L. 187, 192; 4 Michie's Ala. Dig., "Custom and Usage," § 15. Actual ouster or physical dispossession is not necessary to constitute an eviction. 16 R. C. L. 685, 686; Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446. Mental anguish may be recovered for in actions on contract, where such damages were reasonably within the contemplation of the parties. Browning v. Fies, 4 Ala. App. 580, 58 So. 931; Taxicab Co. v. Grant, 3 Ala. App. 393, 57 So. 141; Central R. Co. v. Knight, 3 Ala. App. 436, 57 So. 253; Loy v. Reid, 11 Ala. App. 231, 65 So. 855; Birmingham Co. v. Still, 7 Ala. App. 556, 61 So. 611; Southern R. Co. v. Rowe, 198 Ala. 353, 73 So. 634; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763. Exemplary damages may be awarded where the eviction is accompanied by circumstances of aggravation. 36 C. J. 284. It was not necessary for the complaint to show the contract was in writing. Buck Creek L. Co. v. Nelson, 188 Ala. 243, 66 So. 476; Whilden v. M. & P. Bank, 64 Ala. 29, 38 Am. Rep. 1. Plaintiff may show sickness of a member of his family in explanation of delay in surrendering possession. 16 R. C. L. 687.

BOULDIN, J. The suit, in the main, is for the recovery of damages growing out of alleged breach of contract, or of duty growing out of contract, between landlord and tenant, in that the landlord, pending the occupancy of the tenant, rented another apartment in the same building to negroes, and placed them in possession.

Count 2 of the complaint charges, in substance, that defendant, the owner of a certain two-story house, with store and three rooms on the first floor, and four rooms on the second floor, and a common toilet on the second floor for the use of occupants of both floors, rented to plaintiff, for occupation by himself, wife, and daughter, the store and three rooms on the first floor, with the use of the toilet; that as a part of the agreement defendant impliedly covenanted that he would not lease nor place in possession of the remainder of said premises negroes or negro families; that pending the lease "defendant breached said contract, and leased to and placed in possession of the upper floor and the toilet of said building a negro family"; that as a proximate consequence defendant has been deprived of the use and enjoyment of the premises, himself and family caused to use the toilet in common with negro men and women; that plaintiff was greatly humiliated and caused to suffer physical pain and mental anguish, and to suffer mental anguish by seeing his wife and thirteen year old daughter humiliated.

Count 4 charges there was a general custom between landlords and tenants in Alabama, known to the defendant; that, premises dependent on one toilet being leased in part to white people, the other part would not be leased to colored people; that the lease to plaintiff was made with reference to said custom as a part of the contract; that by the breach complained of plaintiff was caused to remove from the premises, and he and his family caused to suffer great mental pain and anguish, and plaintiff was put to the expense of moving and securing other premises.

Count 5 charges in general terms that defendant wrongfully and maliciously evicted plaintiff from the premises, causing humiliation and mental anguish, the loss of the use of the premises, and expense and inconvenience in seeking other premises. Plaintiff claims punitive damages.

[1] Appellant, defendant below, challenges the main cause of action upon the ground of an unqualified right of the landowner to lease his property to whom he will for orderly and legitimate purposes under the guaranties of the Fourteenth Amendment to the federal Constitution.

Reliance is had upon Buchanan v. Warley, 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201, involving the validity of a municipal ordinance forbidding the residence of negroes upon blocks wherein the majority of residences were occupied by whites, and vice versa. Whether and under what conditions the doctrine of that case would extend to occupancy of adjoining apartments in the same building, we need not here inquire. We surely would not hold the state or its municipalities powerless to prevent rentals involving the common use of toilets and the like by white persons and negroes. But none of these questions are here involved.

In the very recent case of Corrigan v. Buckley, 271 U. S. 323, 46 S. Ct. 521, 70 L. Ed. 969, decided by the Supreme Court of the United States May 24, 1926, all the owners of property in a residence district of the city

of Washington had entered into and recorded an indenture, reciting that, for their mutual benefit and the best interests of the neighborhood, they mutually covenanted and agreed that no part of these properties should ever be used by, or sold, leased or given to, any person of the negro race or blood, and that this covenant should run with the land. A decree of the district court enjoining the violation of the covenant, affirmed by the Court of Appeals, was carried by appeal to the Supreme Court.

The court said:

"And the prohibitions of the Fourteenth Amendment 'have reference to state action exclusively, and not to any action of private individuals.' Virginia v. Rives, 100 U. S. 313, 318 25 L. Ed. 667 [669]; United States v. Harris, 106 U. S. 629, 639, 1 S. Ct. 601, 27 L. Ed. 290 [294]. 'It is state action of a particular character that is prohibited. Individual invasion of individual rights is not the subject-matter of the Amendment.' Civil Rights Cases, 109 U. S. 3, 11, 3 S. Ct. 18, 21, 27 L. Ed. 835 [839]. It is obvious that none of those amendments prohibited private individuals from entering into contracts respecting the control and disposition of their own property; and there is no color whatever for the contention that they rendered the indenture void."

It was further declared such convenant was not void because violative of any public policy arising from the Constitution or federal statutes in pursuance thereof. Without discussion of fundamental reasons well stated by the Supreme Court of Pennsylvania, and incorporated at length into our jurisprudence in Bowie v. Birmingham Ry. & Elec. Co., 125 Ala. 397, 408, 27 So. 1016, 50 L. R. A. 632, 82 Am. St. Rep. 247, et seq., we consider the decision in Corrigan v. Buckley, supra, ample authority that the landlord and white tenant may make a valid contract to the effect that negroes shall not be rented an apartment in the same building.

[2, 3] Matters which may be expressly agreed may be implied, if the circumstances in evidence warrant the conclusion that such was the intention of the parties.

[4] A well-known general custom vitally affecting the peaceful and quiet enjoyment of the premises may well be considered an implied element of the contract between landlord and tenant. 4 Michie's Dig. p. 611, § 15; 27 R. C. L. 187, 192; 17 C. J. 485.

[5] While common knowledge of a custom excluding negroes from the same building or neighborhood may be limited to white residence districts, it is certainly competent to aver and prove a known and well-established custom in what may be termed a negro district to the effect that, if premises are leased to white persons, negroes shall not be put in connected premises with a common toilet for both tenants and their families. 'Twould be strange and deplorable if such custom did not exist, however humble the habitation.

[6] Count 2 is for breach of an implied covenant for quiet enjoyment. The substance and effect of the covenant as related to the breach is sufficiently shown, and so of the alleged breach. The date the lease was made, the date it was to terminate, the date of entry into possession, and date of the breach are all given, and all within one year. It was not necessary to aver whether the lease was oral or in writing. Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 So. 476; Whilden v. Bank, 64 Ala. 29, 38 Am. Rep. 1.

[7, 8] The action being for wrongful act of the defendant invading the right of quiet enjoyment pending the lease, and in breach of his covenant, there was no need to aver a compliance with the terms of the lease by plaintiff. Being in under the lease he was due the quiet enjoyment of the premises. If he had forfeited such right, this was defensive matter.

[9] Count 4 is for constructive eviction, a removal from the premises because by an act of the landlord rendered unfit for occupancy for the purposes of the demise, or deprived of the beneficial enjoyment thereof. Rice v. Dudley, 65 Ala. 68; Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446; Paterson v. Bridges, 16 Ala. App. 54, 75 So. 260; Thomas v. Drennen, 112 Ala. 670, 20 So. 848; 16 R. C. L. 686, § 171; Id. 694, § 182; Id. 695, § 183; 36 C. J. 261, § 988.

The demurrers to counts 2 and 4 were overruled without error.

Count 5, charging a malicious eviction in general terms, if good against demurrer, must be limited to a direct and forcible eviction. Its averments do not give sufficient notice of a case of constructive eviction of the character to which the evidence was directed. The affirmative charge as to this count should have been given.

Without here discussing the details of the evidence, with criticisms of both sides, we find the issues under counts 2 and 4 of the complaint were properly submitted to the jury.

[10] In the nature of the case, mental anguish was a direct consequence of the wrong or breach of covenant complained of. If there was a constructive eviction, it consisted in such disregard of the rights of the tenant as knowingly rendered his contacts unbearable by reason of humiliation of himself and family. There was no error in the instructions touching recovery for mental anguish. Such damages were limited to the mental distress of plaintiff, if found by the jury; one element of mental pain necessarily being the position in which his family were placed by the act of defendant. Browning v. Fies, 4 Ala. App. 580, 58 So. 931; Birmingham Waterworks Co. v. Martini, 2 Ala. App. 652, 56 So. 830; Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634; Taxicab Co. v. Grant, 3 Ala. App. 393, 57 So. 141; Central R. R. Co. v. Knight, 3 Ala. App. 436, 57 So. 253; Loy v. Reid, 11 Ala. App. 231, 65 So. 855; Birmingham Transfer & Traffic Co. v. Still, 7 Ala.

App. 556, 61 So. 611; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763.

[11, 12] Proposed evidence of declarations of plaintiff's wife tending to show lack of cordial relations between husband and wife were properly refused. They bore no legitimate relation to the question of mental distress of the husband, and were hearsay. It is firmly established in this state that mental pain due to sickness in the family of plaintiff is not recoverable, although such sickness be brought on by the maintenance of a nuisance about the home of plaintiff. Brookside-Pratt Mining Co. v. McAllister, 196 Ala. 110, 72 So. 18; Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 So. 40; Bube v. Birmingham Ry. L. & P. Co., 140 Ala. 277, 37 So. 285, 103 Am. St. Rep. 33.

[13] In this case there was no connection between the injury and the sickness of plaintiff's child, and it does not appear defendant knew of such sickness. There was error in the admission of this evidence. It was well calculated to increase the award of damages in case of a finding for plaintiff. Appellee seeks to justify the admission of this evidence as explanatory of the delay in removing from the premises, but we find the ruling of the court based upon the express ground that it was admissible to show mental anguish. It went to the jury for that purpose.

[14, 15] The court's oral charge was at least misleading in failing to limit punitive damages to a finding that the wrongful act complained of was accompanied by circumstances of aggravation, or by malice. It was for the jury to find whether these features were present, and the court could not so assume. Garrett v. Sewell, 108 Ala. 521, 18 So. 737; Wilkinson v. Searcy, 76 Ala. 176.

There are numerous other rulings presented in argument. Many are not likely to arise on another trial, and others are governed by well-known rules of law which need not be restated.

For errors mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.