# City Loan & Banking Co. *v.* Byers.

## *Assumpsit.*

(Decided May 30, 1911.    55 South. 951.)

1. *Appeal and Error; Issues; Presumption.*—Where the bill of exceptions shows that both parties proceeded to trial without objection just as if the complaint had been regularly put in issue, it will be presumed on appeal that the issue tried was duly joined, although the record proper does not disclose any plea other than a plea in abatement.

2. *Pleading; Issues; Joinder; Record Entry.*—Where the minute entry recites that issue was joined, etc., without specifying on what particular plea, no contradiction is shown between such entry and a statement in the bill of exceptions that the trial was entered upon without objection and proceeded to a conclusion as if there were two issues of fact, one made by a plea of the general issue, and the other by plaintiff's general replication to defendant's plea in abatement.

3. *Same; Separate Pleas; Determination.*—Where a case is tried by the court without a jury, the court is not bound to determine the plea in abatement before receiving evidence on the general issue.

4. *Fraud; Deceit; False Representation; Proof.*—Where the plaintiff set up the fraudulent making by defendant of a single representation inducing plaintiff to loan money to the defendant as consti-

tuting a single ground of recovery, proof of the falsity of one of the several statements contained in such representation was not sufficient to justify a recovery.

5. *Judgment; Moot Question; Determination of All Issues.*—Where the plaintiff was not entitled to recover under the general issue on account of lack of proof, the determination of the plea in abatement was a mere moot question and the court will not be put in error for rendering judgment without determining such plea.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by City Loan & Banking Company against E. B. Byers. Judgment for defendant and plaintiff appeals. Affirmed.

W. T. WARD, for appellant. The case in the inferior court was not pending.—*Ex parte Humes*, 130 Ala. 201; 14 Cyc. 392. The suits were not the same.—*Gilbreath v. Jones*, 66 Ala. 132; 23 Cyc. 1165. An action of deceit is not based upon the contract, but upon the tort.—20 Cyc. 86.

WILLIAM CONNIFF, for appellee. The pendency of a prior suit in the same cause of action in a court of competent jurisdiction between the same parties will abate a later suit. The identity of the subject matter and parties is the test.—*Ormond v. Lane*, 130 Ala. 308; *Troy F. Co. v. Prestwood*, 116 Ala. 127; *Davis v. Petrinovis*, 112 Ala. 657; *Coaldale B. & T. Co. v. So. Const. Co.*, 110 Ala. 612; *Foster v. Napier*, 73 Ala. 595. The contract is usurious, and hence, void, and not capable of supporting an action.—*Sims v. Ala. B. Co.*, 31 So. 35; *W. U. T. Co. v. Young*, 36 So. 374; *Youngblood v. Bir. Co.*, 95 Ala. 526.

WALKER, P. J.—This case was tried in the court below without a jury. The bill of exceptions shows that, without objection by either party, the trial was entered upon and proceeded to its conclusion as if there

[City Loan & Banking Co. v. Byers.]

were two issues of fact before the court, the one made by a plea of the general issue to the complaint, and the other by the plaintiff's general replication to the defendant's plea in abatement setting up the pendency of another suit by the plaintiff against the defendant, seeking a recovery "for the same subject-matter" as that for which recovery is sought in this suit. The plaintiff introduced evidence in support of the averments of its complaint, and the defendant then introduced evidence in support of its plea in abatement.

Although the record proper does not disclose that any plea, other than the plea in abatement, was interposed to the complaint, yet, as the bill of exceptions shows that both parties, without objection, proceeded with the trial as if the averments of the complaint had been put in issue regularly, this court will review the action of the trial court just as if the record showed that an issue actually tried had been made up in due form. In such case the missing plea is supplied by intendment.—*Hardeman v. Williams,* 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; *Richmond & Danville R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86; *Wade v. Killough,* 3 Stew. & P. 431.

The recital in the minute entry as to a joinder of issue being merely that "issue being now joined," without specifying upon what pleadings, the implication indulged from the recitals of the bill of exceptions involves no contradiction of the minute entry. The case being before the court, sitting without a jury, it was not necessary that the issues on the plea in abatement be actually disposed of before hearing the evidence under the plea of the general issue. By consent of the parties, the evidence on both issues could be submitted to the court at the same hearing, without any waiver by the defendant of the benefit of his plea in abatement.

The plaintiff did not insist on having the matter of the plea in abatement first disposed of, but elected to submit to the court at the same time the evidence it had to support the averments of its complaint.

The ground of recovery disclosed by the complaint is the alleged falsity, accompanied by an intent to defraud, of the representation charged to have been so made by the defendant to the plaintiff as to constitute a false pretense, by means of which the defendant obtained a loan of money from the plaintiff. The representation as averred was of the existence of several facts, which considered together, were calculated to induce the plaintiff to extend credit to the defendant.

The plaintiff sets up the fraudulent making of one false representation as constituting a single ground of recovery, not the fraudulent making of several false representations, each of which severally was relied on as constituting a seperate ground of recovery. According to the complaint, the making of the one representation as an entirety was the means whereby the plaintiff was induced to make the loan. In such case the complaint is not sustained by proof going no further than to show the falsity of one of the several statements contained in the one representation alleged. The allegation of the falsity of the one alleged representation as an entirety is descriptive of the tort complained of, and is not sustained by proof of the falsity of only a part of such representation.—*Highland Avenue & Belt R. Co. v. Dusenberry,* 94 Ala. 413, 10 South. 274; *Smith v. Causey,* 28 Ala. 655, 65 Am. Dec. 372; *Louisville & Nashville R. Co. v. Coulton,* 86 Ala. 129, 5 South. 458; *Louisville & Nashville R. Co. v. Mothershed,* 97 Ala. 261, 12 South. 714. No evidence was offered tending to prove the falsity of the part of the representation alleged to the effect that the defendant had given no

[City Loan & Banking Co. v. Byers.]

security for any one, or of the part of such representation to the effect that the defendant had not made any assignment of his wages or salary. These were material facts of the representation upon the truth of which the plaintiff claims that it relied in making the loan to the defendant. In this state of the evidence, the plaintiff was not entitled to recover, because of its failure to prove material averments of its complaint.

With the whole case on the evidence thus before the court, sitting without a jury, on a submission at one hearing of the evidence on the issue made by the plea of the general issue to the complaint, and of the evidence offered in support of the plea in abatement, and it being disclosed that the evidence offered by the plaintiff was insufficient to sustain the averments of its complaint, the court was justified in rendering judgment in favor of the defendant, without concerning itself about the plea in abatement, as whatever ruling might have been made in reference to that plea could not ultimately inure to the benefit or harm of a plaintiff, which did not have at its command enough evidence to sustain the material averments of its complaint. The questions as to the sufficiency of the plaintiff's replication to defendant's plea in abatement, the demurrer to which had been sustained, and as to whether the plea in abatement was proved by the evidence offered in its support, became mere moot questions, when the plaintiff's case, as alleged in its complaint, collapsed for the lack of the necessary evidence to sustain it.

Affirmed.