[W. T. Adams' Machine Co. v. South State Lumber Co.]

# W. T. Adams' Machine Co. *v.* South State Lumber Co.

## *Detinue.*

(Decided Nov. 21, 1911.   Rehearing denied Dec. 14, 1911.
56 South. 826.)

1. *Sales; Conditional; Modification; Pleading; Variance.*—The pleading setting up a conditional contract of sale of machinery is not supported by the proof involving a material modification of the ·contract by consent working changes in the character of the machinery and in the date of delivery.

2. *Same; Remedy of Seller; Issues.*—Where the action is upon a conditional contract of sale to recover the specific property, and the buyer suggests that the jury determine the balance due under the contract, as authorized by section 3789, Code 1907, evidence of.matter in recoupment going to a reduction of the claim is proper, although such matters are not set out by special plea.

3. *Same; Contracts; Performance.*—A stipulation in a contract of sale for the shipment of goods within a specified time is not complied with by the seller in obtaining a bill of lading from the carrier who has not actually received the goods, and the seller is chargeable with any delay so long as it fails actually to make the shipment according to the contract.

4. *Same; Breach; Damage.*—Where a seller of a sawmill outfit was informed at the time that the buyer wanted the machinery at once to saw up logs ready to be sawed, that the logs were then in good condition, but that they would be damaged if they remained exposed to the weather and to 'insects, the seller was liable for damages to the logs caused by exposure to the weather and worms if he failed to deliver the machinery within the time specified; and the mere fact that the worms had begun to do some damage at the time the sawmill could have been put in operation if it had been promptly shipped, will not defeat a recovery for such damages on the ground that they were uncertain.

5. *Damages; Breach of Contract.*—A party who breaches his contract cannot escape liability for damages because of difficulty in finding a perfect measure of damages; it is enough that the evidence furnished data for an approximate estimate of the damages.

6. *Appeal and Error; Harmless Error; Pleading.*—Where the plaintiff did not sustain by the evidence the allegations of his special replication any error in overruling a demurrer to a rejoiner to such replication, was harmless to him.

7. *Same; Instructions.*—A party obtaining a verdict is not injured by errors in instructions stating a predicate for a finding for the adverse party.

[W. T. Adams' Machine Co. v. South State Lumber Co.]

8. *Same; Matters Reviewable; Record.*—Although the bill of exceptions complained of the refusal of charges requested, and set same out, yet if it fails to show that the charges requested were requested in writing (section 5364, Code 1907) the question is not presented for review.

9. *Charge of Court; Inconsistent Instructions.*—Where the action was detinue for goods conditionally sold, and the defense was damages by way of recoupment for failure of seller to deliver the goods within the time contracted for, instructions that damages were not the subject of setoff, and instructions that the damages should be deducted from the amount due on the purchase price, were not inconsistent as the first charge recognized the distinction between setoff and recoupment.

10. *Same; Curing Error.*—Although the court improperly charged on the effect of the testimony without request, yet it gave a similar charge requested in writing by the party as authorized by section 5362, Code 1907, and thereby cured the previous error.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action in detinue by the W. T. Adams Machine Company against the South State Lumber Company for machinery. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

The following charges were refused to the plaintiff: (1) "I charge you, gentlemen of the jury, that there can be no recovery allowed to the defendant by reason of damage to the logs belonging to the Bixby-Thiesen Company, located at Brown's Ferry. on the Tennessee river." (2) "I charge you, gentlemen of the jury, that there can be no set-off allowed to defendant by reason of any damage occasioned to the logs belonging to the Bixby-Theisen Company, located at Brown's Ferry, on the Tennessee river." (3) "I charge you that you cannot allow defendant any credit by reason of any damages, if you find there were damages, occasioned to the logs belonging to the Bixby-Theisen Company, located at Brown's Ferry, on the Tennessee river on account of the delay of plaintiff in making shipment." (4) "If you find from the evidence that a contract for the sale and delivery of the machinery was made and entered into by and between

the W. T. Adams Machine Company and the Bixby-Theisen Company on or by January 2, 1906, and if you further find from the evidence that the plant of the W. T. Adams Machine Company was destroyed by fire on or about July 4, 1906, and if you find the delay complained of was caused by the fire, then you cannot find for the defendant on the plea claiming damages for delay in shipment." (6) "I charge you that the damages occasioned to the logs belonging to the Bixby-Theisen Company were not within the contemplation of the parties, and there can be no credit allowed the defendant for or by reason of any such damages." (7) "I charge you that the damages, if any damages there be, occasioned to the logs by reason of the delay in shipment of the machinery, are not the subject of set-off in this action." (8) "I charge you that there can be no credit allowed for the logs belonging to the Bixby-Theisen Company by reason of any damages to the logs located at Brown's Ferry, and belonging to the Bixby-Theisen Company."

Charge 4, given at the request of the defendant, was as follows: "I charge you that the damages occasioned to the lags belonging to the Bixby-Theisen Company by reason of the delay in shipment are not such damages as are subject to set-off in this action." The following charges were given at the request of the defendant: (4) "If you find from the evidence that defendant was damaged by reason of plaintiff's not complying with its contract made with the defendant to furnish machinery as set forth in defendant's plea 1, filed in this cause, in that logs on defendant's yard at or near Brown's Ferry were injured by worms, then the amount of such damage so suffered because of injury to said logs should be deducted from the amount owing for the purchase money of the machinery sued for, provided you find plaintiff has not proven either one of its replications filed in this

cause; and if you find that defendant's damage by reason of said injury to said logs (if suffered) is equal to or exceeds the amount due the plaintiff, with interest, as purchase money for the machinery sued for, your verdict should be: 'We, the jury, find for the defendant.' " (20) "At the request of the defendant I charge you that you are not to pay any attention to that part of my oral charge wherein I said to you, in substance, that plaintiff (if you believe the evidence) had not proven its replications A and X, filed in this cause. But I do now charge you that, if you believe the evidence, plaintiff has not proven said replication."

W. T. Lowe, John C. Eyster, and Tidwell & Sample, for appellant. The court erred in overruling demurrer to the special rejoinder No. 2 addressed to the special replications. Ist because the rejoinder set up an entirely new contract, and 2nd, because the contract set out in the pleas was so varied and modified by the subsequent agreement set up in this rejoinder as to constitute a departure.—*Smith v. Kirkland,* 1 South. 276; 4 Mayf. 453; 6 Mayf. 728; 21 Cyc. 260; 6 Enc. P. & P. 462-3; *Gates v. O'Gara,* 39 South. 729; *Eskridge v. Dittmar,* 51 Ala. 245; *W. Ry. v. Davis,* 66 Ala. 578. The court erred in permitting the appellee to ask the witness Bixby if, on the 22nd day of July, they had not finished loading the car.—*Elliott v. Howison,* 40 South. 1118; *Ledyard v. Pogue,* 86 Ala. 261. The court erred in giving written charge 4 at the request of appellee.—*Reid L. Co. v. Lewis,* 10 South. 333; *Moulthroup v. Hyatt,* 17 South. 33; *Nichols v. Rasch,* 35 South. 411; *Bromberg v. Eugenotto Cons. Co.* 50 South. 314; *Davis v. Fish,* 48 Am. Dec. Charge 14 was clearly erroneous, as was charge 16.—9 Cyc. 526; *Langford v. Cooper,* 9 Ala. 446. The court erred in giving charge 20.—*Elliott v. Howi-*

*ison, supra; Garfield v. Parrish,* 96 U. S. 363; *R. R. Co. v. Bibb,* 37 Ala. 699. The scintilla of evidence rule prevails in Alabama.—*Payne v. Matthews,* 92 Ala. 285; *R. R. Co. v. Smith,* 90 Ala. 25; *Bates v. Hunt,* 124 Ala. 427; *Bomar v. Rosser,* 123 Ala. 641.

MARVIN WEST, and KYLE & HUTSON, for appellee. By the demurrer addressed to the rejoinder only, appellants waived the other assignments of error based on rulings on the pleading.—*Western Union v. Sanders,* 164 Ala.; 235; *W. Ry. v. Arnett,* 137 Ala. 414. Even if error was committed in overruling demurrer to the rejoinder, appellant cannot complain because the jury found for the appellant.—*Corey v. Penny,* 165 Ala. 234. But the demurrer was properly overruled for three reasons. 1st, there was no departure in the pleading.—31 Cyc. 256; 38 Vt. 375. 2nd, inconsistent pleadings are allowed.—6 Enc. P. & P. 467. 3rd, plaintiff's own evidence failed to establish the replication to which the rejoinder was addressed.—*Whitmore v. Ala. C. C. & I. Co.* 164 Ala. 126; *Cross v. Esslinger,* 133 Ala. 409. Under the issues joined, and under the evidence, plaintiff was not entitled to recover and defendant was entitled to the affirmative charge. Hence, any error in refusing or giving charges was harmless. After discussing the evidence to demonstrate the correctness of this proposition, and after discussing the proposition of the modification of the contract with citation of authority in support of their contention, appellees conclude that the above proposition is true and that an affirmance should follow although error might have intervened.—*Cross v. Esslinger, supra; Pappot v. Howard,* 154 Ala. 306. Both parties contracted with reference to the special circumstances and no error was committed by the court in reference to its instructions as to damages.—*Bixby-Theisen L. Co. v.*

*Evans*, 52 South. 844; *Baxley v. T. & M. R. R. Co.* 128 Ala. 191; *Peck-Hammer & Co. v. Heifner*, 136 Ala. 473. In any event, there was judgment for the appellant and the errors were harmless.—3 Cyc. 242; 18 Am. St. Rep. 23. Charge 20 was properly given.—*Gulf C. Co. v. Boyles*, 129 Ala. 192.

WALKER, P. J.—To the complaint in detinue in this case, the defendant (the appellee here) pleaded the general issue and several special pleas, alleging that the machinery sued for was acquired by the defendant under a contract for the conditional sale of it by the plaintiff, and setting up several matters by way of recoupment and also filed a suggestion, as provided for by statute (Code, § 3789), averring that the machinery sued for was sold by the plaintiff by a contract of sale, by which the plaintiff reserved to itself title to said machinery until the purchase money should be fully paid, that a named part of the purchase price had been paid, and requiring the jury to ascertain the balance of such purchase price. The plaintiff joined issue on the pleas, and also filed special replications to the special pleas, and the defendant joined issue on the special replications, demurrers to which had been overruled, and also filed a special rejoinder thereto. The plaintiff appeals from the judgment in its favor; the judgment being unsatisfactory to it in its ascertainment of the amount of the unpaid balance of the purchase price of the machinery.

The only rulings on the pleadings which, in the argument of the counsel for the appellant, is insisted on as being erroneous is the overruling of its demurrers to the special rejoinder to its special replications A, as amended, and X. Each of those replications averred that the sale and delivery of the machinery in question were under a written contract, which was set out, and

which bore date July 2, 1906, and the matter replied was based upon provisions of the contract set out. The evidence in the case, without conflict, was to the effect that the sale and delivery of the machinery were not under the written contract set out in the replications. The evidence in the trial developed the facts that after that written contract was entered into, and, before the plaintiff had made any shipment or delivery under it, a fire occurred in its factory which disabled it from supplying the machinery called for by that contract, and that thereupon the parties agreed to modifications of the contract, involving changes in the character of machinery sold and in the date of shipment; the testimony being at considerable variance as to the terms of the modifications, but that on both sides being to the effect that the contract was materially changed, and that the rights and obligations of the parties as fixed by the modified contract were substantially different from what they were averred to be by the special replications. There is no room for a plausible claim that the material allegations of those special replications were sustained by any aspect of the evidence. The replications setting up the original contract were not sustained by proof showing that the rights and obligations of the parties were governed by a materially different contract.—*Prestwood v. Eldridge*, 119 Ala. 72, 79, 24 South. 729; *Nesbitt v. McGhee*, 26 Ala. 748.

This being true, the defendant was never put to the proof of its special rejoinders. As the plaintiff could not sustain by evidence the allegations of its special replications, it could not have been injured by the ruling on the demurrers to the rejoinders to those replications, however erroneous that ruling may have been. Evidence to sustain the special replications having been lacking, it is unnecessary to inquire whether or not the

rejoinder demurred to constituted sufficient answer to it. A party cannot complain of rulings touching a pleading which, as shown by the record, he is not in a position to sustain by evidence.—*Cross v. Esslinger*, 133 Ala. 409, 32 South. 10; *Whitmore v. Alabama Consolidated C. & I Co.*, 164 Ala. 125, 51 South, 397, 137 Am. St. Rep. 31; *City Loan & Banking Co. v. Byers*, 1 Ala. App. 583. 55 South. 951.

The defendant was not put to a reliance alone upon its special pleas to support evidence introduced as to matters of recoupment against the claim of the plaintiff. Under its suggestion requiring the jury to ascertain the balance of the purchase price owing on the machinery sued for, evidence as to such matters of defense going to a reduction of the claim of the plaintiff was proper for the consideration of the jury, though they were not specially pleaded.—*Hooper & Nolen v. Birchfield et al.*, 115 Ala. 226, 22 South. 68.

The defendant introduced evidence tending to show that there was delay by the plaintiff in shipping the machinery as it undertook to do by the modified agreement made after the fire. In this connection proof was made of the receipt by the defendant, on July 20, 1906, of a bill of lading for a car said to contain a part of the machinery. A witness for the defendant was asked a question which sought to elicit proof that the loading of that car by the plaintiff had not in fact been completed on July 22d. The plaintiff objected to the question, on the ground that any damages accruing as a result of the delay after July 20th was occasioned by the railroad company, and that the plaintiff was not liable for damages caused by delay after the date of the issuance of the bill of lading. It was not error to overrule this objection. The obvious purpose of a stipulation for a shipment of goods within a stated time is to secure their

actual delivery to the carrier, so that the carriage may be proceeded with. Such a stipulation is not complied with by merely obtaining from a carrier a bill of lading for goods which it has not actually received. The issuance by a carried of a bill of lading purporting to cover goods not received does not, as between the one who is to ship and the one who is to receive them, constitute a shipment of the goods. The plaintiff was chargeable with delay so long as it failed actually to make the shipment according to its agreement. Its liability under the provision of the contract on that subject could not be shifted to a carrier by obtaining the latter's bill of lading for goods not received by it.

Charge 4, given at the instance of the defendant stated a predicate for a finding by the jury in favor of the defendant. As the jury did not so find, but, on the contrary, rendered a verdict in favor of the plaintiff, the latter cannot now sustain a claim that it was injured by the giving of that charge. On the same ground, the assignment of error based on the giving of the defendant's written charge 14 must be disposed of adversely to the appellant.

There was evidence tending to show that at the time the original contract was entered into, and also when it was modified after the fire, the purchaser made known to the seller that the sawmill contracted for was wanted at once, for the purpose of sawing a large number of logs which the purchaser then had in its yard at Brown's Ferry ready to be sawn into lumber; that the logs were then in good condition, but the seller was informed of the purchaser's fear that they would be damaged if they remained exposed to the winds and weather and insects during the summer months; that the stipulation for prompt shipment of the machinery was entered into with this situation in contemplation by both parties to

the contract; and that there was considerable delay by the seller in complying with the provisions of the contract in reference to the time of shipping the machinery. The plaintiff objected to evidence offered by the defendant tending to show that, in consequence of the delay in furnishing the machinery, the logs were considerably damaged by exposure to the weather and the ravages of worms, and excepted to the action of the court in admitting such evidence.

From the evidence above referred to, it is plain that this is a case of a contract entered into under special circumstances within the contemplation of both parties to it, so that the seller, if he was at fault in supplying the machinery at the time stipulated for was liable for whatever damages the purchaser sustained which were the reasonable and natural consequences of a breach of the contract in that respect under the circumstances so known and with reference to which the parties acted.— *Bixby-Theison Lumber Co. v. Evans*, 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194; *American Express Co. v. Jennings*, 86 Miss. 329, 38 South. 374, 109 Am. St. Rep. 708. That damages to the logs, caused by worms and continued exposure to the weather, were, under the circumstances, to be regarded as within the contemplation of the parties is a conclusion supported by well-considered rulings on quite analogous states of fact. In the case of *Smeed v. Foard*, 1 E. & E. 609, the purchaser of a steam threshing machine, which the seller failed to deliver at the time stipulated in his contract, claimed damages because of the injury by a thunderstorm of the wheat which he had expected to thresh with the machine. In reference to this claim, Lord Campbell, C. J., said: "The plaintiff, who was a large farmer, was known by the defendant to be accustomed to thresh out his wheat in the field; he gave the order for the threshing

machine, which, it was agreed, should be delivered on the 14th of August, at which time the wheat might reasonably be expected to be ripe for threshing; the defendant knew that it was wanted for that purpose. Then, was it not in the contemplation of the parties that, if it was not delivered at that time, damage by rain might ensue to the plaintiff? The thunderstorm occurred, and the plaintiff's wheat was damaged. If the engine had been delivered at the time agreed upon, the wheat would have been threshed out, and would have been carried to market in good condition, instead of which it was damaged. Is not this injury a natural consequence of the breach of the contract? And may it not reasonably be supposed to have been foreseen by the parties?  *  * Therefore, as respects those items for which the plaintiff claims damages as resulting from the falling of the rain, I am of opinion that he is entitled to recover." In the case of *Van Winkle & Co. v. Wilkins*, 81 Ga. 93, 7 S. E. 644, 12 Am. St. Rep. 299, the seller of a cotton seed oil mill was held liable to the purchaser for damages sustained by the latter from the decay or deterioration of cotton seed that had been purchased for use in the mill, consequent upon the delay of the seller in supplying the machinery at the time stipulated for. In view of the special circumstances above referred to, the plaintiff's contract is to be regarded as not simply a contract to ship a sawmill; it also involved an undertaking to make the shipment within a specified time, so as to afford to the purchaser the opportunity of sawing the logs before damages had been sustained in consequence of anticipated injuries to which they would be exposed in the event of delay in the shipment of the machinery; and damages from that source, consequent upon delay in the shipment, are to be regarded as such as might be expected to follow a breach of the provision as to time

of shipment of the contract entered into under such circumstances. 3 Sutherland on Damages (3d Ed.) §§667, 703, 704.

But it is suggested that the damages to the logs, caused by worms and continued exposure, were speculative in their nature, and so conjectural that evidence could not furnish a legally satisfactory basis for their ascertainment. Attention is called to the fact that the evidence indicated that the worms had already commenced to do some damage at the time when the sawmill could have been put in operation, if it had been shipped as provided for by the contract. The evidence was such as to warrant the conclusion that but a trivial amount of the damage had been done at that time, and that the bulk of the injury from this source was a consequence of the subsequent delay in sawing the logs. A party who has broken his contract cannot escape liability because of the difficulty there may be in finding a perfect measure of damages. It is enough if the evidence furnishes data for an approximate estimate of the amount of damage. 3 Sutherland on Damages (3d Ed.) § 704; 13 Cyc. 37. It cannot fairly be said that the evidence in this case did not furnish a basis for an estimate, reasonably approximating accuracy, of the extent of injury to the logs, caused by worms and exposure to the weather, after the date when the purchaser should have received the machinery. What has been said above indicates the ground of the conclusion reached, that the court was not in error in admitting the evidence objected to, or in refusing to give charges 1, 2, 3, 6, 7, and 8 requested by the plaintiff.

It is urged in argument that there should be a reversal of the judgment because the court gave to the jury contradictory and inconsistent instructions. It is questionable whether this point is raised by any of the assign-

ments of error. But, assuming that the question is properly presented, we are of opinion that the record does not show that inconsistent and contradictory instructions were given. The claim is that charge 4, given at the instance of the defendant, was repugnant to and inconsistent with charge 4, given at the instance of the plaintiff. We do not think so. Charge 4, given at the request of the plaintiff, was in effect a statement that the damages therein mentioned were not subject to set-off in this action. This charge might well have been given in recognition of the distinction between set-off and recoupment (34 Cyc. 623, 625), without involving any repugnancy between that statement and the instructions embodied in charge 4, given at the request of the defendant.

From what already has been said, it is apparent that the conclusion was warranted by the evidence on both sides that the modifications of the contract agreed to by the parties after the fire were such as to make it a new contract as to the feature of it referred to in charge 16, given at the instance of the defendant, as bearing upon the latter's claim to damages. This being true, the plaintiff could not have been prejudiced by the giving of that charge. Certainly, under the contract as modified after the fire, the occurrence of that fire could not have constituted an excuse for a subsequent failure of the plaintiff to comply with its substituted undertaking to ship different machinery.

The assignment of error based upon the refusal to give charges 17 and 18, requested by the plaintiff, may be disposed of by pointing out that the bill of exceptions does not show that either of those charges was in writing, as the statute (Code, § 5364) requires in the case of charges moved for by either party.

The opinion already has been expressed that the allegations of the plaintiff's replications A and X were not sustained by the evidence. There was no error in the statement to this effect embodied in charge 20, given at the instance of the defendant. It was proper for the court to give that charge in order to cure its previous error in so instructing the jury upon the effect of the testimony, before being required to do so by one of the parties. Code, § 5362; *Gulf City Co. v. Boyles,* 129 Ala. 192, 29 South, 800.

What has been said disposes of all the assignments of error which have been insisted upon in the argument in behalf of the appellant.

Affirmed.