# CASES

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1912-13.

## Aaron *v.* The State.

*Murder.*

(Decided April 23, 1913. Rehearing denied May 8, 1913.
61 South. 812.)

1. *Homicide; Evidence.*—In a prosecution for murder, a statement by deceased made while deceased was lying on the floor after having been shot, made in the presence of defendant, accusing defendant of having shot her, was admissible.

2. *Evidence; Confessions.*—A voluntary confession by defendant that he purposely shot deceased, his wife, was admissible.

3. *New Trial; Criminal Case; Discretion.*—In criminal cases motions for new trials because of newly discovered evidence are addressed to the sound discretion of the trial court, and the court's action thereon is not revisable on appeal.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Sharp Aaron was convicted of murder in the first degree, was sentenced to death, and he appeals. Affirmed.

While Shed Shears was testifying, and after describing the condition surrounding the homicide, he testified that he opened the door leading into the room where the shooting occurred, and that as he did so the form of the woman shot fell against him and onto the floor, and that at the time the defendant was present looking over his shoulder. The witness was then permitted to

1—181

testify that he asked the wounded woman if Sharp shot her, and that she replied, "Yes, sir," and that he asked her, further, if Sharp killed her, and if he intended to kill her, and if he did it purposely, and her reply was in the affirmative to each question. Witness was further permitted to testify that he looked at the defendant and said to him, "You have surely killed this girl," and he replied, "I have not done any such thing." Whereupon witness says to him, "She says you have done it," to which defendant made no reply, but went immediately out in his night clothes, and that he did not see defendant any more until the officers had him.

Joe H. James, for appellant. The statement of the deceased made after the shooting was not offered as a dying declaration, and was not of the res gestae, and consequently was not admissible.—*Lundsford v. State,* 56 South. 89; *Hill v. State,* 156 Ala. 3; *Pitts v. State,* 140 Ala. 70; *Nelson v. State,* 130 Ala. 83. It does not appear affirmatively that defendant could have heard the statement.—*Davis v. State,* 131 Ala. 10; 12 Cyc. 421.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The defendant did not deny killing deceased, and the evidence objected to was relevant to show his attitude, and also to show that he did not enter a denial.

DOWDELL, C. J.—The defendant was tried and convicted on an indictment for murder in the first degree and sentenced to death. From the judgment of conviction and sentence the present appeal is prosecuted.

No question is presented on the record, in the proceedings leading up to the trial in the court below. A careful examination by us fails to disclose any error or

irregularity in the record proper, and everything appears in conformity with the requirements of the law in such cases.

The only question presented for our consideration, and complained of as error, arises on the rulings of the court in the admission of evidence.

The objections of the defendant to the testimony of the witness, Shed Shears, as shown on pages 7, 8, and 9 of the record, were wholly without merit. The statements of the deceased testified to by this witness were made by the deceased while lying upon the floor, after she had been shot, and in the presence of the defendant. That this evidence was relevant and competent we think there can be no doubt, and hence there could be no predicate for errors on the rulings of the court in the admission of the same.

The confession of the defendant that he purposely shot his wife, the deceased, was shown to have been voluntarily made, and consequently no error was committed in the admission of this evidence.

There is one other question which hardly need be noticed, and that is the overruling of the motion for a new trial. The motion for a new trial was based on newly discovered evidence. In criminal cases motions for new trial are addressed to the discretion of the trial court, and are not reversible on appeal.

We fail to find any error in the record, and it follows that the judgment appealed from must be affirmed.

Affirmed. All the Justices concur.