(128 So. 176)

### STEPHENS et al. v. PATE.

6 Div. 356.

Supreme Court of Alabama.
March 27, 1930.

Rehearing Denied May 15, 1930.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellants.

E. L. Dodson, T. B. Ward, and J. M. Ward, all of Tuscaloosa, for appellee.

GARDNER, J.

Plaintiff, a minor 7 years of age, was struck and injured by a car driven by defendant Stephens on one of the streets in the city of Tuscaloosa.

The submission to the jury was upon the general issue joined on counts of simple negligence, resulting in a verdict and judgment for the defendant. Plaintiff moved for a new trial upon a number of grounds, among them newly discovered evidence. From the judgment of the court granting this motion, defendants prosecute this appeal.

■■ Pretermitting as unnecessary a consideration of any other ground, we are persuaded the action of the court is justified upon that of newly discovered evidence, and therefore confine our attention thereto.

Plaintiff was crossing the street at the time of the accident, and the evidence tends very strongly to show that Stephens, the driver of the car, made all reasonable efforts to avoid the collision after discovering plaintiff's perilous position. It appears, therefore, from the evidence, and the oral charge of the court so indicates, that plaintiff's right of recovery depended largely upon the question as to whether or not the car was being operated at a proper speed, all circumstances and locality considered. The affidavit of W. C. Warren, the newly discovered witness, discloses that his evidence is most material upon this issue, and a careful review of the record is persuasive it is not merely cumulative. The trial court was evidently of the opinion the testimony of this witness would probably affect the result upon another trial. The affidavits offered of plaintiff's father and of his attorney disclose the utmost diligence to discover all witnesses who had knowledge of any material facts. These affidavits go into detail as to all that was done, and a recital thereof here would serve no useful purpose. Suffice it to say it appears without dispute that witness Warren voluntarily informed counsel of what he knew about the matter after the trial, and that the failure of discovery of this information previously was due to no lack of diligence on the part of either the father or the attorney. The evidence as to this ground of the motion meets all the requirements of the rule of our decisions. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

Upon matters of this sort, much must be left to the sound discretion of the trial court. McLeod v. Shelly Mfg. Co., 108 Ala. 81, 19 So. 326; 29 Cyc. 886–7. His action in this particular is fully sustained by the proof, and we see no sufficient reason to disturb the ruling made.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.