153 So. 255

## HOPKINS v. HARRISON.
### 8 Div. 530.

Supreme Court of Alabama.
March 1, 1934.

Bradshaw & Barnett, of Florence, for appellant.

Merwin T. Koonce and A. A. Williams, both of Florence, for appellee.

THOMAS, Justice.

The error assigned was the granting of plaintiff's motion for a new trial on the evidence—the verdict and judgment having been rendered for the defendant.

The brief of appellant contains this statement: "When there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court, as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Cobb v. Malone & Collins, 92 Ala. 630–635, 9 So. 738." Such is the rule when a motion for a new trial *is denied.* In this case the motion for a new trial was *granted,* and the rule is "decisions granting new trials will not be reversed, *unless the evidence plainly and palpably supports the verdict rendered.*" (Italics supplied.) Cobb v. Malone & Collins, 92 Ala. 630, 635, 636, 9 So. 738; Hall v. Clark, 225 Ala. 87, 142 So. 65; Birmingham Clay Products Co. v. White, 226 Ala. 89, 145 So. 668; Swinney v. State, 225 Ala. 273, 142 So. 562; Robinson v. Solomon Bros. Co., 225 Ala. 389, 143 So. 566; Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270; Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 70 So. 7; Merrill v. Brantley & Co., 133 Ala. 537–539, 31 So. 847.

The rule as recently stated in Parker v. Hayes Lumber Co., 221 Ala. 73, 74, 127 So. 504: "The evidence was in conflict, but the trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of its action. As was said in Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300, courts of record have inherent power, independent of the statute, to set aside and vacate their orders and judgments within the term and for common-law causes," will be presumed correct where evidence is conflicting. Reed v. Thompson, 225 Ala. 381, 143 So. 559.

That the evidence was in conflict is not denied by appellant, or disputed by the record.

The affidavit of newly discovered evidence attached to and made a part of the motion was material and probably would have changed the verdict of the jury. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45. Upon matters of this sort much must be left to the sound discretion of the trial court. Stephens v. Pate, 221 Ala. 200, 128 So. 176; McLeod v. Shelly Manufacturing & Improvement Co., 108 Ala. 81, 19 So. 326.

We will not disturb the judgment of the trial court granting the motion for a new trial, and the judgment on the motion is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.