162 So. 95
## WILLIAMS v. BIRMINGHAM WATER WORKS CO.

6 Div. 716.

Supreme Court of Alabama.

June 6, 1935.

J. Reese Murray, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

## THOMAS, Justice.

The error assigned is the granting of a new trial where there was a jury and verdict for plaintiff.

The suit was for personal injury.

It is contended by plaintiff that defendant caused the hole at its meter box in which plaintiff fell and received his injury, and that the condition so caused had existed for several months. There was conflict in the evidence as to the existence of such dangerous condition, or that defendant's agents caused it; and as to whether the plaintiff stepped into the hole and sustained the injuries for which he brought suit.

On the trial plaintiff introduced a witness Dr. Ransom, who was not used on the first trial, who testified that he was an examiner for the Metropolitan Life Insurance Company in the summer of 1931 preceding the date of plaintiff's alleged injury (September 9, 1931), and that at the time he examined plaintiff he did not have a hernia, nor did he complain of any pain in his back. The witness testified on cross-examination that he examined plaintiff carefully and found no rupture or evidence of pain in his back, and that he thought that examination took place in the summer of 1931.

Thereafter, plaintiff testified that he knew Dr. Ransom; that he made his physical examination before the instant injury; and that he received the policy of insurance for which the examination was made.

The cashier of the Metropolitan Life Insurance Company, Mrs. Jeanette Goslin, offered by the defendant as a witness, produced a card showing that one Eli Williams was rejected on February 15, 1932, and testified that his examination was made about two weeks previous to such rejection; that the original records were kept in New York; that the company had about five doctors in that vicinity, and she could not state who made the examination of Williams.

Following this testimony, the plaintiff testified that he applied for insurance in 1931 and in 1932, when he was rejected.

The records of the examination of plaintiff were offered, and it was shown on the motion for a new trial that Dr. Ransom did make the examination; that he made but one examination of plaintiff in 1932, which was after the date of the alleged accident.

It was agreed between the parties, on submission of this motion, that the records of the original examination by Dr. Ransom of plaintiff, on his application for insurance with the Metropolitan Life Insurance Company, and as testified to by witness Goslin, were at the home office of the insurance company in New York City at the time of the trial resulting in the judgment, and that at the time of the motion were in the local office of the Metropolitan Life Insurance Company pursuant to subpoena duces tecum.

The affidavit of Dr. Ransom, on motion for a new trial, showed that since the trial the affiant had examined the original report in question, and that the correct date of the examination was January 31, 1932, and that the examination was not made in the summer of 1931, as affiant had testified on the trial. Affiant further stated that he made but one examination of plaintiff for insurance, and that was on January 31, 1932.

Another affidavit by Dr. Ransom was offered by plaintiff, confessing his error as to the dates indicated, in which affiant states:

"I was mistaken as to the time when I examined him. My examination was made in the early part of 1932. I did not examine Mr. Williams for hernia or back pain, and did not know that he had a hernia or back pain at the time I examined him in 1932.

"His application blank, which I signed, in connection with his application for in-

**440**

surance, which I have just recently seen, was for industrial insurance, and required no investigation by the examining physician as to hernia or back pain. I therefore made no examination of this gentleman as to whether he had either hernia or back pain, one or both, and I do not know whether his hernia or back pain were or were not in existence when I examined him in 1932. He complained of pain in his side and said he had had a fall, looked anaemic. I recommended that his application be postponed."

 The rules that obtain as to granting a new trial are well understood, viz., that an order granting a new trial will not be reversed unless the evidence plainly and palpably supports the verdict rendered (Hopkins v. Harrison, 228 Ala. 180, 153 So. 255; Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504), and that a motion for a new trial based on newly discovered evidence is largely addressed to the sound discretion of the trial court. Hopkins v. Harrison, supra.

 The affidavits of Dr. Ransom in support of the motion, when considered with his evidence given on the trial of the date of his examination of plaintiff, were material and probably would have changed the verdict of the jury. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

 It is further declared, that though there is conflict in the evidence, it is the duty of the trial court to grant a new trial if a definite and well-considered opinion is entertained that the verdict failed to do justice between the parties; that where there is conflict in the evidence, but the trial court sees and hears the witnesses, on appeal some presumption will be indulged in favor of the action of the trial court. Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Hopkins v. Harrison, 228 Ala. 180, 153 So. 255.

We will not disturb the judgment of the trial court granting the motion for a new trial, and the judgment on the motion is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.