198 So. 360

## REYNOLDS v. CITY OF BIRMINGHAM.
### 6 Div. 665.

Court of Appeals of Alabama.
Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

Beddow, Ray & Jones, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

SIMPSON, Judge.

The sole question presented by this appeal relates to the action of the trial court in granting the appellee's (plaintiff below) motion for a new trial.

Appellant, having been convicted in the recorder's court for violation of an ordinance of appellee city, appealed to the circuit court where trial again proceeded. There, a verdict of not guilty was returned. In so far as is shown by the record, the appellant's defense, an alibi, was first disclosed in the circuit court pending trial after the appellee had rested its case. This alibi was to the effect that, at the time of the claimed violation of law, he was not at the scene but, to the contrary, was on an airplane flight with his witness, Phillips. It was contended by appellee that the alibi was fabricated, and among the grounds assigned in its motion for new trial were that the verdict was contrary to the weight of the evidence, that to allow the verdict to stand would result in a "palpable and material wrong," and that new

evidence, since the trial, had been discovered, which with reasonable diligence could not have been produced upon trial. This new evidence, given by witnesses upon the hearing of the motion, tended to refute the verity of defendant's alibi.

After careful and attentive consideration of the well-prepared briefs of counsel in connection with the record presented, it is this court's opinion that the trial court was well within its right in setting aside the verdict. That court saw and heard the witnesses and some presumption must be indulged, here, in favor of its action. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. Applicable here, and adopted for our opinion, we quote from this case the following: "The evidence in this case was in conflict, as we have said, but, if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial."

It is now settled law that in such cases as this the decision granting a new trial will not be reversed unless the evidence "plainly and palpably supports the verdict." Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740; Parker v. Hayes Lumber Co., supra.

Furthermore, if, as was its tendency, this newly discovered evidence, adduced at the hearing, was true and the alibi of defendant, in fact, false, the jury's verdict was manifestly wrong and it was the high duty of the court to set it aside, in order to prevent an irreparable injustice as well as to preserve its own dignity in the proper administration of justice. The power of the court to do so, in term time (and for common-law causes), is irrespective of statute and is an inherent one, coming from the common law and essential for the promotion of justice. Cobb v. Malone, supra; Batson v. State, 216 Ala. 275, 278, 113 So. 300; 15 R.C.L. p. 688, § 140; 16 C.J. p. 1118, § 2616. Southern R. Co. v. Dear, 26 Ala.App. 508, 162 So. 685.

It is the insistence of appellant, in brief by counsel ably argued, that appellee has offended the rule of diligence relating to the granting of new trials on newly discovered evidence and also that the new evidence was merely impeaching. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45. In the view taken, hereinabove, it seems unnecessary to consider this question, there being other grounds in the motion and other reasons upon which the court could properly have rested its decision. Out of deference to appellant's urgent insistence, however, it is added that we perceive no lack of diligence on the part of appellee. From the record, the defense of alibi was not divulged until the appellee's direct evidence was closed and it is difficult to discern how appellee could calculate to meet the issue presented by the unusual alibi, i. e., the airplane flight. To have so surmised would have required the gift of prescience or at least a "flight" of imagination.

In cases such as this one, much must be left to the sound discretion of the trial court. Stephens v. Pate, 221 Ala. 200, 128 So. 176; Welch v. State, 28 Ala.App. 273, 183 So. 879; Aaron v. State, 181 Ala. 1, 61 So. 812; Slaughter v. State, 237 Ala. 26, 185 So. 373; 16 C.J. p. 1119-1120, § 2620.

As to the insistence that the newly discovered evidence was merely impeachment of defendant's alibi, the rule in this regard has its exceptions and such proffered proof, even though simply impeaching, may justify a new trial. Slaughter v. State, supra. Moreover, it has been held, and the view seems logical, that if the impeaching testimony tends to destroy or obliterate the effect of the evidence upon which the verdict rested it is more than impeaching for that its tendency would be to defeat the verdict returned. Dennis v. State, 103 Ind. 142, 2 N.E. 349.

We find no error to reverse in the ruling under review.

Affirmed.

On Rehearing.

PER CURIAM.

The law is fully recognized by our appellate courts that, before a party to a suit at law is entitled to a new trial upon the ground of surprise, he should take proper steps for a postponement of the case in order that he may have opportunity to meet the exigency presented by the unexpected evidence. In no sense has this opinion disregarded this rule.

It is a fact (as urged by appellant) that when the appellee was confronted with the defendant's alibi "the attorney for the City of Birmingham made no request for a continuance, claimed no surprise, but

contented himself with asking for subpoenaes for certain witnesses and proceeded without objection with a trial to a verdict." Counsel for appellant seem to be impressed that this, in some way, controlled or excluded the authority of the trial court to grant the new trial, even though there were other grounds in the motion upon which the ruling could rest. Had the order of new trial been predicated solely upon the ground of surprise, some merit might be accorded this argument. Such, however, is not the condition of the record.

There were other grounds in the motion for new trial upon which the court properly could have, and may have, rested its order granting the motion, such as, that the verdict was contrary to the weight of the evidence, or—if having a well-founded opinion that the purported alibi of the defendant was in fact spurious—that to allow the verdict to stand would result in a palpable and material wrong. Under such circumstances, as clearly demonstrated in our first opinion, above, that court had the right—and, if in order to effect justice between the parties, it was its duty—to set aside the verdict. Parker v. Hayes Lumber Co., and other cases cited, supra.

This being the state of the record, the reviewing court should not and will not disturb such ruling. This court therefore maintains the view that to reverse the judgment here appealed from would be unwarranted and affirmance is due.

Opinion extended and application overruled.