10 So.2d 54

**KENT v. LINDSEY.**

4 Div. 723.

Court of Appeals of Alabama.
Oct. 6, 1942.

W. C. Farmer and L. A. Farmer, both of Dothan, for appellant.

J. Hubert Farmer, of Dothan, for appellee.

RICE, Judge.

Appellant sued appellee for damages for personal injuries and injury or damage to the automobile in which the plaintiff, appellant, was riding, and which was owned by the plaintiff. The occasion of the suit was a collision between plaintiff's automobile and one being driven for appellee by his duly authorized agent—appellee being a passenger therein.

It is not controverted here that plaintiff (appellant) was entitled to recover; as he did, in the court below.

Nor is any question here presented as to any error in the rulings on pleadings, or in the admission or rejection of evidence upon the trial.

The sole question before us is as to the excessiveness vel non of the amount of the recovery by plaintiff.

The jury, on the facts—undisputed, as to any particular here material—said the damages to which plaintiff was entitled were $800.

The learned judge presiding at the trial was of the opinion that the amount found by the jury was excessive by $400.

Upon appellee's (defendant's) motion to set aside the verdict of the jury because of its excessiveness, the court—after plaintiff's (appellant's) refusal to reduce, by remittitur damnum—the amount of the recovery to $400, took favorable action, and granted said motion. This appeal by plaintiff followed.

The question is thus squarely presented to this court as to whether the finding of the jury as to the amount of the damages, or that of the trial judge, should prevail, on the facts shown in the case.

It is plain from the testimony that the damages to plaintiff's automobile were $82.-50. Hence, it is likewise plain the jury awarded plaintiff $717.50 for his personal injuries.

These personal injuries were described in the testimony without dispute, by plaintiff, as follows:

"I was injured in that wreck. I was cut across the nose and broke my glasses and the steering wheel hit me in the chest with a sudden jar. I suffered from the injuries in my chest for two or three months, a little light pain. There is still a ridge across my nose. The cut across my nose healed in about a week. I would not call the pains I had in my chest severe pains." (It will be borne in mind plaintiff was testifying *one year* subsequent to the date of the accident).

■ The decision of the question before us—whether or not the trial court erred in granting appellee's motion to set aside the verdict of the jury and award him a new trial—has puzzled us greatly.

As Judge Simpson said in the opinion in Reynolds v. City of Birmingham, 29 Ala. App. 505, 198 So. 360, 361: "It is now settled law that in such cases as this the decision granting a new trial will not be reversed unless the evidence 'plainly and palpably supports the verdict' "—citing Cobb v. Malone, 92 Ala. 630, 9 So. 738, and Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. And indeed this has been the oft cited rule ever since the decision in the case of Cobb v. Malone, supra, more than fifty years ago.

But that *expression* "plainly and palpably supports the verdict" needed explanation. Literally, for example, we would not hesitate to say that in this case the evidence (as to plaintiff's injuries—and we apprehend no difference in the rule as to that, from the rule as announced in all the cases we have found regarding conflicting evidence as to the *right of recovery*) "plainly and palpably (as contradistinguished from *demanded,* or *required) supported* the recovery" of $800. Because *we* could not say how much of disfigurement or chagrin or humiliation the jury may have found was caused to plaintiff by the "ridge across his nose." Nor could we say how much mental pain and suffering he endured by reason of the "little light pain" in his chest for "two or three months."

But the *expression* has been explained. In Parker et al. v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, 505, the late, learned, Mr. Justice Sayre said for the Supreme Court: "On appeal this court [and, of course the Court of Appeals, Code 1940 Tit. 13, § 95] will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' * * * *meaning, as we think, that this court will not reverse in such case, unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error."* (Italics supplied by us). We are glad to have the confusion removed from our minds.

■ For here, as intimated already, we would not hesitate to say that the "evidence plainly and palpably *supports* [not requires] the verdict." But the trial court "saw and heard the witnesses, and on appeal *some presumption must be indulged* in favor of his ruling." German-American Wholesale Optical Co. et al. v. Rosen, 233 Ala. 105, 170 So. 211; Parker et al. v. Hayes Lumber Co., supra.

■ Keeping this in mind, and indulging the presumption as required, we find ourselves unable to say that the evidence "plainly and palpably shows that the trial court *was in error."*

Borrowing and adopting the applicable language used by the late Judge Sayre in another, but related, connection, we write, here: " * * * but a proper and necessary adherence to the law of appellate procedure declared for such cases, as well as an appreciation of the disadvantages under which this court labors when it undertakes to review the finding of a jury, and the weight which must be accorded to the judgment of a trial judge exercising his power to the end that justice may be done, leave us without that abiding conviction of error which alone would justify us in reversing the ruling of the court below." Central of Georgia Ry. Co. v. Brown, 165 Ala. 493, 51 So. 565, 567.

And it is affirmed.

Affirmed.