15 So.2d 311

### PITTS v. BETHEA.

#### 5 Div. 168.

Court of Appeals of Alabama.

Oct. 12, 1943.

J. Broughton Lamberth, of Alexander City, and John J. Pruet, of Ashland, for appellant.

Richard H. Cocke, of Alexander City, for appellee.

SIMPSON, Judge.

The appeal is from a judgment setting aside a verdict for the plaintiff (appellant) and granting defendant (appellee) a new trial.

The evidence was directly conflictory. The plaintiff, as his only witness, gave ample testimony on trial to sustain the recovery. The testimony of the several witnesses of the defendant, however, tended to support a contrary conclusion and justified a verdict for the defendant. We refrain from further comments upon the evidence lest they tend to influence the issues of fact upon another trial.

In this state of the evidence, the case was submitted to the jury, which returned a verdict for the plaintiff for the sum claimed in the complaint (Count 5). Upon motion for new trial, the trial court set aside the verdict and ordered a new trial.

The appeal is from this judgment granting the new trial and seeks a reversal thereof and, in effect, a reinstatement of the jury's verdict.

The record does not show upon what ground the motion for new trial was granted. Said motion, however, contained as one of the grounds, that the verdict was against the preponderance of the evidence, and, if the order was proper under this or any other ground, the trial court's action will not be disturbed. Karter v. Peck, 121 Ala. 636, 637, 25 So. 1012; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

The favorable presumption always attending the correctness of the ruling of the trial court in such cases governs our

consideration of this question. Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54; Reynolds v. City of Birmingham, 29 Ala. App. 505, 198 So. 360; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, 505; German, etc., Opt. Co. v. Rosen, 233 Ala. 105, 170 So. 211; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

It is said that this rule of presumption does not obtain where the evidence was without dispute in material respects, and the question hinges on a proper interpretation of it. American Life Ins. Co. v. Williams, 234 Ala. 469, 472, 175 So. 554, 112 A.L.R. 1215. But this is not the status here.

In the instant case, the evidence, in its material aspects, was conflicting, and the rule prevails that the discretion of the trial court in granting the new trial for the insufficiency of the evidence will not be disturbed, except in cases of manifest error. Cases, supra; Ala. Digest, Appeal and Error, ⬟979(2), 933(1).

The well considered opinion by Judge Rice in the case of Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54 (citing Reynolds v. City of Birmingham and others, supra) is the most recent exposition of the subject by this court. The import of that holding, and of the other cases hereinabove cited, is: In such cases, on appeal from an order granting a new trial, some presumption must be indulged in favor of the ruling of the trial court who saw and heard the witnesses testify, and such order will not be reversed unless the evidence plainly and palpably shows that the trial court was in error in setting aside such verdict.

In the light of such rule of presumption and disadvantaged as we necessarily are in endeavoring to review and determine the correctness, vel non, of the trial court's conclusion under the conflicting evidence, in contradistinction to the one reached by the jury, we cannot say that the present record so clearly reflects such an erroneous decision of the trial judge, in granting the new trial, as to warrant judicial interference here.

The remaining assignment of error seeks to review the action of the court in giving at the instance of the defendant the general charge as to Count 1 of the complaint. This position is quite untenable. (1) The plaintiff recovered the identical sum claimed in said count, and a party obtaining a verdict is not injured by errors in instructions stating a predicate for a finding for the adverse party. W. T. Adams Machine Co. v. South State Lumber Co., 2 Ala.App. 471, 479, 56 So. 826. (2) This appeal challenges, solely, the correctness of the ruling setting aside the verdict and granting the new trial and "brings up for revision only the order appealed from, and the power of this court does not extend to the correction of errors occurring in the main trial. * * * Such errors, if they exist, could be considered only so far as they might affect the propriety of the order granting the new trial, and when resorted to for that purpose, which is not done in the present case." Karter v. Peck, 121 Ala. 636, 638, 25 So. 1012, 1013.

The whole case considered, it is the opinion and judgment of the court that error of record is not shown. Of consequence, an affirmance is ordered.

Affirmed.